" As the record does not disclose any material fact which impairs the force or application of the former decision in this case the judgment appealed from should be affirmed with costs."

*Joseph H. Choate* for appellants.

*Thomas Young* for respondents.

MAYNARD, J., reads for affirmance.
All concur.
Judgment affirmed. _____

MORRIS COLEMAN, as Administrator, etc., Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

(Argued February 5, 1892; decided March 1, 1892.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made September 8, 1891, which affirmed a judgment in favor of plaintiff and affirmed an order denying a motion for a new trial.

*C. D. Prescott* for appellant.

*E. D. Matthews* for respondent.

Agree to affirm ; no opinion.
All concur.
Judgment affirmed. _____

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH WOOD, Appellant.

Upon the trial of an indictment for murder, one B. was rejected as a juror on the ground that he had an opinion as to the guilt or innocence of the prisoner, which he described as fixed and of long standing, and which would influence his conduct. . Upon appeal, it was objected that he was rejected without opportunity for cross-examination by the prisoner's counsel. It did not appear that this right was asserted or denied, or in any manner sought to be exercised upon the trial. *Held*, untenable.

Two other jurors, D. and S., were rejected because they stated they had conscientious scruples against rendering a verdict of guilty in a capital case. *Held*, no error. (Code Crim. Pro. § 377, sub. 8.)

After a verdict of guilty had been rendered and a motion for a new trial upon the minutes made, defendant's counsel objected that while the proof showed that the offense was committed in the town charged in the indictment, it did not show that such town was in the county charged. This objection was overruled. *Held*, no error; as, if this objection had been made upon the trial it could have been obviated by proof, or the court could have taken judicial notice of the fact that the town was in the county charged.

(Argued February 8, 1892; decided March 1, 1892.)

APPEAL from judgment of the court of Oyer and Terminer of Warren county, entered upon a verdict rendered September 17, 1891, finding the defendant guilty of the crime of murder in the first degree.

The following is the opinion in full:

"Four unfounded objections, admitting of brief and easy answers, and in no respect justifying the delay of this appeal, disclose themselves from a printed case of fourteen hundred pages, prepared. at the expense of the county of the trial. The prisoner's counsel raises no question of fact. He concedes explicitly that upon the proof the verdict is not to be assailed either as against the evidence or as unsupported by it, and rests his argument upon what he claims to have been errors of law.

"Three of these are exceptions to the decision of the court upon a challenge of individual jurors in cases where the challenge was sustained and the jurors rejected. We have looked at the rulings to see whether any injustice has been done to the prisoner of which we ought to take notice.

"The juror Balcom was rejected because he had an opinion as to the guilt or innocence of the prisoner, which he described as fixed and of long standing, and which would influence his conduct in the jury-box. Complaint is made that the juror was rejected without opportunity for cross-examination by the prisoner's counsel. It does not at all appear that the right was either asserted or denied, or in any manner sought to be exercised.

" The jurors Dickinson and Stewart were rejected because they had conscientious scruples against rendering a verdict of guilty in a capital case. They brought themselves fully within the provisions of section 377 of the Code of Criminal Procedure.

"The juror Cooke was rejected on account of a present opinion upon the question of guilt or innocence. Taking his statement as a whole his rejection appeared to have been proper.

"The fourth objection is that while the indictment charges the commission of the crime in the town of Stony Creek, in the county of Warren, and while the proof shows the offense in the town alleged it does not show that such a town was in the county of Warren. No such objection was raised at the trial when the omission could have been obviated. It made its first appearance after the verdict and on a motion for a new trial on the minutes; but if made when it should have been it is a conclusive answer that the court will take judicial notice of the fact that the town of Stony Creek is in the. county of Warren. (*People* v. *Breese,* 7 Cow. 429; *Vander-werker* v. *People,* 5 Wend. 530; *Chapman* v. *Wilber,* 6 Hill, 475.)

" We have examined the testimony sufficiently to be satisfied that the verdict was just. The prisoner admitted the fact of the killing, and his counsel approved and stood upon the admission. The defense of insanity was fairly submitted to the jury, and it was hardly possible that the verdict should have been different.

" The judgment must be affirmed."

*James M. Whitman* for appellant.

*Charles R. Patterson* for respondent.

FINCH, J., reads for affirmance.
All concur.
Judgment affirmed.