## Court of Appeals.

June 18, 1901.

## THE PEOPLE v. BENJAMIN PUGH

(167 N. Y. 524.)

1. MURDER—EVIDENCE—PREMEDITATION.

On a trial for murder it was proven that defendant had been forcibly ejected from a restaurant by T. after an altercation as to his paying for the food furnished; that he crossed the street and carefully selected a revolver at a gun store, loaded it and returning after an absence of a few minutes, killed T.  Defendant testified that he did not refuse to pay for the meal, but returned to procure names of witnesses to obtain satisfaction by law, and armed himself for protection, etc.  Held that the evidence established premeditation, and that the homicide was committed from motives of revenge.

2. SAME.

Where the testimony clearly imports that the crime was committed in the county in which the venue was laid and the point is raised for the first term in the Court of Appeals, it will not be considered by that court.

APPEAL from a judgment of the Kings county court, rendered November 5, 1900, upon a verdict convicting the defendant of the crime of murder in the first degree and from an order denying a motion for a new trial.

The facts, so far as material, are stated in the opinion.

Edmund F. Driggs and Charles Van Doren, for appellant.

John F. Clarke, for respondent.

LANDON, J.—On the 23d of August, 1900, the defendant, a colored man, twenty-two years of age, went into Hoffman's restaurant, 1719 Fulton street, Brooklyn, N. Y., sat down at a small table, asked for corn beef and cabbage, was served by John Tietjen, a waiter in service there, ate the same, then rose from the table and moved toward the door. Tietjen asked him to pay; the price was ten cents; defendant answered that he had no money. Tietjen then said to him: "I guess you have ten cents, I ain't going to be fooled and you'll have to pay. You are the second one that's done this to-day." Then defendant drew out of his pocket a handkerchief, from which he shook two nickels and two or three collar buttons upon another table, picked up the collar buttons and brushed the two nickels on the floor. Tietjen stooped and picked up the nickels, rose and struck defendant with his fist upon his cheek and on his nose, then gave him a push on the shoulder toward the Fulton street door, saying: "You get out of here," pushed him again toward the door, and kicked him from behind as he passed out. Defendant made no resistance. He then went up and across the street and into the store at 1744 Fulton street, distant about 235 feet from the restaurant and bought a five-barrel, self-cocking revolver for $1.90, and five cartridges for ten cents; he paid for them, selecting this revolver after being shown a rim-fire revolver at a less price, which was not self-cocking, and, therefore, not firing so rapidly. He placed the cartridges in the revolver, returned to the restaurant after

an absence of fifteen to twenty minutes, saw Tietjen standing behind the short counter to the left of the entrance, beckoned to him as if to invite him to come from behind the counter. Tietjen told him to "get out of here; we have no use for you," and started to come out from behind the counter, reached about the end of it when defendant fired two shots at him. Tietjen fell to the floor, and then the defendant fired two more, and tried to fire the fifth shot, but failed to effect the discharge. Then he ran out of the restaurant, was pursued and soon arrested. Tietjen died immediately from the effects of the shooting. The defendant, upon learning that he was dead, said he did right in buying the pistol and shooting him and was willing to die. This is substantially the case made by the People by abundant testimony. The defendant was a witness in his own behalf. He testified that he did not refuse to pay for his meal, and said nothing to provoke Tietjen. That, after he was thus abused by Tietjen he desired to obtain satisfaction by law against him, intended to return to the restaurant to procure the names of witnesses, desired to protect himself against further violence there, and, therefore, purchased the revolver, did return, saw Tietjen place his hand in his pocket, and thought Tietjen was again about to assault him, possibly shoot or stab him, when he fired upon him.

We have carefully examined the record; it presents no valid ground for reversal. It is argued that the evidence fails to establish the premeditation and deliberation which are the essentials of murder in the first degree. We may concede that as the defendant was ejected from the restaurant he was smarting under a keen sense of outrage. The jury could find that he premeditated revenge as he sought the store and bought the pistol and cartridges, and subdued and governed his anger and conduct while he deliberately equipped himself with them, and then returned as he had premeditated, and that he deliberately shot down his victim. No doubt he was still angry, but his anger seems to have been systematic and apparently under a deliberate control. He had time for reflection, and

·reflection seems to have confirmed his purpose. Four shots were fired and the fifth was attempted, all that he could employ, thus indicating his intent to make his work effective.

The point is now raised that the crime was not proven to have been committed in Kings county. . It was not raised upon the trial. The testimony, including that of the defendant, clearly imports that· the crime was committed in Brooklyn, Kings county, N. Y., and that fact was assumed upon the trial. Wagner v. People, 2 Keyes, 684. The case was clearly one for the jury, it was submitted to them in an unexceptional charge; there are no valid exceptions; the trial was fairly conducted, and we think the jury were justified, upon the evidence which we have summarized, in concluding that the homicide was committed from motives of revenge, under circumstances indicating a deliberate and premeditated design to effect the death of the person killed.

The judgment of conviction and the order denying a new trial should be affirmed.

PARKER, Ch. J., BARTLETT, HAIGHT, VANN, CULLEN and WERNER, JJ., concur.

Judgment affirmed.