(58 App. Div. 532.)
## PEOPLE v. COOPER.

(Supreme Court, Appellate Division, First Department.   March 22, 1901.)

1. RECEIVING STOLEN GOODS—EVIDENCE—SUFFICIENCY.
    Within a few hours after a burglary, defendant was heard quarreling with two others as to the disposition of certain goods then in possession of one of the three.   Immediately after the quarrel defendant and one of the others pawned the goods, and there was some evidence that defendant conducted the negotiation.   Part of the goods pawned were shown to have been stolen in the commission of the burglary.   *Held*, that the evidence was sufficient to support a finding that defendant actually received the goods, knowing them to be stolen.

2. CRIMINAL LAW—VENUE—PROOF—ARREST OF JUDGMENT.
    Where the point that the evidence did not show that the crime was committed in the county where the trial was had was not raised till after verdict, motions in arrest of judgment and for a new trial were properly denied as too late.

Appeal from trial term, New York county.

Richard Cooper was convicted of receiving stolen goods with knowledge that they were stolen, and appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Lewis S. Chanler, for appellant.
Charles H. Le Barbier, for the People.

RUMSEY, J.   It is insisted by the appellant that there was not sufficient evidence to warrant his conviction, because there was nothing to show either that he received the goods, or that he knew them to be stolen.   It was conceded that a burglary had been committed. The overcoat which was pawned was shown to be one of the overcoats stolen at the time of the commission of the burglary.   It was discovered in a pawnshop.   There was testimony to the effect that the morning after the burglary the defendant had the overcoat in his possession at a time when there was trouble between several persons in regard to the disposition of the things which had been stolen, and at the time when the witness who testified to the fact of the trouble learned that the burglary had been committed.   She said she did not hear of any burglary being committed until the following morning, when these men were arguing about the goods.   The defendant conceded that immediately after the trouble he and another man went to the pawnshop, and that the goods were pawned; and the evidence tended to show that he pawned them.   That was sufficient to warrant the jury in finding that he actually received the goods, knowing them to be stolen, and therefore the evidence was sufficient to make out the case.

It is further complained that the case is defective because it does not appear that the crime was committed in New York county.   The defendant sought to raise this point by a motion in arrest of judgment and by a motion for a new trial upon the ground that the evidence did not show that the crime was committed in the county of New York, as it was laid in the indictment.   No such point was made until after the verdict of conviction had been rendered, and therefore

it was not well taken, within the case of Wagner v. People, *41 N. Y. 684.

Upon the whole case, we think that the defendant was properly convicted, and the judgment must be affirmed. All concur.

