### PEOPLE v. STEIN.

(Supreme Court, Appellate Division, First Department. March 9, 1906.)

1. CRIMINAL LAW—MATTERS REVIEWABLE—QUESTIONS NOT RAISED AT TRIAL.
   Where, in a prosecution for a misdemeanor, it was assumed by all the parties that the place at which the act was committed was in the county in which the venue was laid, defendant was not entitled to question this on appeal.
   [Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Criminal Law, § 2619.]

2. PHYSICIANS AND SURGEONS—PRACTICING WITHOUT LICENSE—EVIDENCE—SUFFICIENCY.
   In a prosecution for practicing dentistry without a license, uncorroborated testimony of employés of the dental society was sufficient to support a conviction.

Appeal from Court of Special Sessions, New York County.

Alexander Stein was convicted of practicing dentistry without a license, and appeals. Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Meyer London, for appellant.
Robert C. Taylor, for the People.

INGRAHAM, J. The information upon which the defendant was tried charged that he was guilty of practicing dentistry in the city of New York, and in the county of New York; not being then and there a dentist licensed to practice as such in this state.

A witness called on behalf of the people testified that on the 11th day of January, 1905, she went with a companion to No. 220 East Broadway, the office of Alexander Stein, the defendant; that the defendant was there, and treated a tooth for Miss Schneider, her companion; that the witness went again on the 16th with Miss Schneider, when the defendant put her in the dental chair, looked at her tooth, and said that it had to be extracted, that he did not think he could save it; that there were several other persons there and the witness saw the defendant waiting upon several patients, he put them in the chair and treated their teeth; that the witness went there again on the 28th alone, and the defendant put her in the chair and scraped her tooth; that the defendant gave her one of his cards which had marked upon it, "Dr. M. Stein, Surgeon Dentist, B. C., 220 E. Broadway, Cor. Clinton Street, New York." The defendant was examined in his own behalf, and testified that the witness for the prosecution came into the dental office in which he was employed on the 28th day of January and wanted some work done when the registered man was out at dinner. He does not deny that he operated upon this witness, and does not claim that he has ever received a license.

At the end of the people's case a general motion to dismiss was made, which was denied. At the end of the whole case the question was submitted to the court, who found the defendant guilty. There was no suggestion that there was any failure of proof as to the locality of the office in which the defendant was engaged in practicing dentistry, or that 220 East Broadway was not in the county of New York. If the defendant had intended to rely upon the failure of proof that 220 East Broadway was in the county of New York, the attention of the court should have been called to the evidence when it could have readily been supplied. The jurisdiction of the court was not questioned. There was no substantial dispute about the facts. It was assumed by all the parties that East Broadway was in the county of New York, and I think this point is not available for the first time on appeal.

The defendant also claims that the testimony of the employés of the dental society, who were witnesses for the prosecution, was not corroborated, and that the conviction was improper without such corroboration. If such corroboration was necessary, though it was not, the defendant himself, by his testimony, corroborated the testimony of these witnesses. The defendant was clearly guilty, and was properly convicted.

The judgment should be affirmed. All concur.