(87 Misc. Rep. 266)

## PEOPLE v. HARRIS.

(Court of General Sessions, New York County.    October, 1914.)

CRIMINAL LAW (§ 1036*.)—APPEAL—NECESSITY OF OBJECTION BELOW—DEFECT IN PROOF.

On appeal from a conviction by a Magistrate's Court of the city of New York of a violation of Public Hack Ordinance, art. 7, subd. 5, prohibiting the permitting of a public hack to remain at a place not designated by the mayor as a public hack stand, an objection that there was no proof that the place where defendant's hack stood was not a public stand could not be considered, when not made below.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1631–1640, 2639–2641 ; Dec. Dig. § 1036.*]

Appeal from Magistrate's Court.

Harry A. Harris was convicted by a Magistrate's Court of a violation of a city ordinance, and appeals.    Affirmed.

Bernard Gordon, of New York City, for appellant.
James E. Smith, of Olean, for the People.

ROSALSKY, J.    The defendant was convicted of a violation of article 7, subd. 5, of the Public Hack Ordinance of the corporation of the city of New York, which provides as follows:

"No public hack, while awaiting employment by passengers, shall stand in any public street or place other than at or upon a public hack stand designated or established in accordance with this ordinance."

Another subdivision of this article, which is applicable to the facts in this case, is section 3, which provides as follows:

"The mayor is hereby authorized to locate and designate as public hack stands such space alongside of the curb, adjacent to property used as public parks, public buildings, railroad stations, steamship and ferry landings, hotels, restaurants, theaters and the center of any street or avenue where the roadway exclusive of the sidewalk is 30 feet in width or more."

There was ample evidence before the magistrate showing that the defendant, while awaiting employment by passengers, did permit a public hack, of which he was the driver, to remain in front of the Normandie Hotel, at the southeast corner of Thirty-Eighth street and Broadway, in the borough of Manhattan, county of New York, which place was not designated as a public hack stand by the mayor in accordance with subdivision 3 of article 7 of the Public Hack Ordinance.

It is claimed by counsel that there was no legal evidence before the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

magistrate establishing the fact that the mayor did not designate the space alongside of the curb in front of the Normandie Hotel as a public hack stand, that the testimony of the officer to the effect that the place where the vehicle stood was not a public hack stand was purely hearsay and insufficient, and that the list of public hack stands designated by the mayor should have been offered in evidence. If these claims had been made in the proceeding before the magistrate, and the list of places designated by the mayor had not been properly proved and offered in evidence, showing that the space alongside of the curb in front of the Normandie Hotel was not a public hack stand, then the objection to the admission of the officer's testimony would be well founded, and sufficient to require a reversal of the judgment of conviction, as it is well grounded in the law that courts cannot take judicial notice of the acts of administrative officers or of city ordinances. Porter v. Waring, 69 N. Y. 250; People ex rel. Langdon v. Dalton, 46 App. Div. 264, 61 N. Y. Supp. 263; People ex rel. Caridi v. Creelman, 150 App. Div. 746, 135 N. Y. Supp. 718.

It is now too late to complain that, because there was no specific proof upon this point, the conviction, which is otherwise based upon complete proof of guilt, should be disturbed. No objection was made to the officer's testimony, and, if there had been, it could easily have been established that the place in question was not designated as a public hack stand. It is an elementary rule of law which requires a defendant to take his ground when he has an opportunity to object, so that the people shall not be misled by his silence; but he is not allowed to spring an objection for the first time on appeal, after the opportunity has passed for the people to make additional proof whereby the defect may be obviated. It seems to me that it was assumed upon the trial that the space alongside of the curb at the southeast corner of Thirty-Eighth street and Broadway was not a public hack stand, and, that having been assumed upon the trial, should be assumed at all future stages of the case. Thayer v. Marsh, 75 N. Y. 340; Brady v. Nally, 151 N. Y. 258, 45 N. E. 547; Wines v. Mayor, 70 N. Y. 613.

It has been held that, where there has been failure to prove that the offense was committed within the jurisdiction of the court, such question could not be raised for the first time upon appeal. Wagner v. People, *41 N. Y. 684; People v. Wood, 131 N. Y. 617, 30 N. E. 243; People v. Cooper, 58 App. Div. 532, 69 N. Y. Supp. 257; People v. Pugh, 167 N. Y. 524, 60 N. E. 770; People v. Stein, 112 App. Div. 896, 97 N. Y. Supp. 923. Where there was a failure to prove the incorporation of the corporation whose property had been stolen, the appellate court likewise refused to consider such question upon appeal, unless it had been raised in the court below. People v. Grossman, 168 N. Y. 47, 60 N. E. 1050; People v. Formosa, 131 N. Y. 478, 30 N. E. 492, 27 Am. St. Rep. 612. In People v. Blake, 121 App. Div. 613, 106 N. Y. Supp. 319, the appellant failed to urge that the indictment had been found after the expiration of the period prescribed in the statute of limitations, and it was held that the point not having been raised at the trial could not be urged upon appeal. In a murder case, where there was an absence of direct proof that

the person who received the wounds was the same person whose body the undertaker had buried, the court also refused to disturb the verdict. People v. Lagroppo, 90 App. Div. 219, 86 N. Y. Supp. 116, affirmed 179 N. Y. 126, 71 N. E. 737.

In all of these cases the courts not only point out that the objection comes too late, but also declare that the appellant himself assumed the existence of the fact upon the trial, and hence cannot repudiate what he himself assumed. No substantial error was committed by the magistrate whereby the rights of the appellant were prejudiced, and the judgment of conviction must be affirmed.

Judgment affirmed.