THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARY ZUPANICE, Relator, *v.* FLOYD GILTNER, Sheriff of the County of Tioga, New York, Respondent.

County Court, Tioga County, April 6, 1933.

*Peter J. Carroll,* for the relator.

*George D. Andrews, District Attorney,* for the respondent.

TURK, J.  On the 4th day of April, 1933, the relator, Mary Zupanice, was committed to the custody of the sheriff of the county of Tioga by a justice of the peace of the town of Richford.  The judgment of conviction, after reciting the venue and the title of the case, read as follows: " Above named Mary Zupanice having been brought before [Name of the justice], a Justice of the Peace of the Town of Richford, N. Y. and forming a Court of Special Sessions, charged with fraud; and the above named Mary Zupanice having thereupon pleaded guilty and been convicted, it is adjudged that *he* be imprisoned in the Tioga County Jail for days 15, pay a fine of $15.00 Dollars and be imprisoned in the County Jail until said fine is paid, not exceeding 15 days."

Upon receiving the above certificate, the judgment of the court was executed by the sheriff of Tioga county and the relator is now confined in the Tioga county jail. She now asks her liberty without serving the sentence imposed, on the ground that the certificate of conviction by which she is held by the sheriff is improper and defective in that there is no such crime as " fraud " and that the crime with which the relator was charged is not sufficiently described to give the justice jurisdiction.

The summary remedy of a writ of habeas corpus, which is open to every person detained in custody, that the legality of his detention may be inquired into, cannot perform the function of an appeal from a judgment of conviction. The court, before whom the prisoner is brought under the writ, must inquire into the question of jurisdiction. That is, it must inquire whether or not the magistrate had authority to pronounce a judgment of imprisonment for the cause assigned, and if this be shown the statute forbids the judge to review the decision of a magistrate. (*People ex rel. Hubert* v. *Kaiser*, 206 N. Y. 46.)

The certificate of conviction is conclusive evidence of the facts therein stated. (Code Crim. Proc. § 724.) In determining the legality of the detention of the relator, this court is, therefore, confined to the facts stated in the certificate of conviction in its effort to ascertain whether or not the magistrate had jurisdiction. Section 721 of the Code of Criminal Procedure provides that the certificate of conviction must briefly designate the offense with which the defendant is charged. It is not necessary that the commitment should contain the names of the witnesses or the testimony given by them. It must, however, describe the crime charged in some manner so that the certificate of conviction shows on its face that the magistrate had jurisdiction. In the case of *People* v. *Maschke* (2 N. Y. Crim. 168) the defendant was held by virtue of a commitment in which the crime was designated as " the misdemeanor of assault and battery." That commitment was held sufficient because, as said by the court, it was equivalent to the assertion or statement that it was an assault in the third degree. But in the case of *People* v. *Jacobs* (51 Misc. 71) it was held that a commitment by a Court of Special Sessions which stated that the defendant was convicted of assault but did not state the degree thereof did not state sufficient facts to show that the crime was one of which the court had jurisdiction and not a felony, was defective, and the defendant was entitled to his discharge.

The certificate of conviction charges the relator with fraud and with no other offense. Actual fraud has been defined to include cases of the intentional and successful employment of any cunning,

deception or artifice used to circumvent, cheat or deceive another; and legal fraud has been defined to include such acts as, though not originating the actual evil design or contrivance to perpetrate a fraud, yet by their tendency to deceive or mislead others or to violate private or public confidence, are prohibited by law. Fraud is not in itself a crime by want of criminal intent though it may become a crime in cases provided by law.

Article 86 of the Penal Law, under the title of " Frauds and Cheats," enumerates more than forty acts which are criminal, some of which are misdemeanors of which a Court of Special Sessions has jurisdiction and others which are punishable by imprisonment not to exceed ten years. It is manifest, therefore, that the commitment in question does not on its face give the magistrate jurisdiction and that the writ should be sustained and the defendant discharged. An order may be entered accordingly.