THE PEOPLE OF THE STATE OF NEW YORK ex rel. BERT SWEET, Relator, *v.* NEIL D. LEWIS, Sheriff of the County of Chenango, Respondent.

County Court, Chenango County, March 2, 1934.

*Frank W. Barnes,* for the relator.

*Glenn F. Carter,* for the respondent.

BROWN, J. A writ of habeas corpus has been allowed the relator to inquire into the cause of his detention in the county jail of Chenango county. A return has been made by the sheriff into whose custody the relator was committed. In this return it is alleged that relator is held by virtue of a commitment issued by a justice of the peace in the town of Guilford, Chenango county. The copy of the commitment attached to the return recites: " The above named G. H. Sweet known as Bert Sweet having been brought before Walter D. Graves, Justice of the Peace of the town of Guilford, Chenango County, New York, charged with violation Art. 134, Sec. 1433 Penal Law, Malicious Mischief,

" And the above named Bert Sweet having been thereupon duly convicted upon the plea of guilty,

" It is adjudged that he be imprisoned in the Chenango County Jail for a period of 60 days, Suspended if fence is repaired and posts set before November 2, 1933, at 12:00 Noon."

The object of the writ of habeas corpus is to enable a party imprisoned to inquire into the cause of his detention. It does not perform the office of an appeal from the judgment of conviction. The court before which the proceeding is pending will inquire into the question of jurisdiction of the justice to pronounce the judgment by virtue of which the relator is detained. (*People ex rel. Hubert* v. *Kaiser,* 206 N. Y. 46.)

The only record before this court to determine the legality of the detention of the relator is the copy of the certificate of conviction. This certificate is conclusive evidence of the facts stated therein. (Code Crim. Proc. § 724.)

The question before this court relates to the jurisdiction of the

Court of Special Sessions to issue the certificate of conviction by virtue of which the relator is held. The certificate recites that the relator was charged with violation of section 1433 of the Penal Law. This section provides that " A person who unlawfully and wilfully destroys or injures any real or personal property of another * * * in a case where the punishment is not specially prescribed by statute, is pun shable as follows:

" 1. If the value of the property destroyed, or the diminution in the value of the property by the injury is more than two hundred fifty dollars, by imprisonment for not more than four years;

" 2. In any other case, by imprisonment for not more than six months, or by a fine of not more than two hundred fifty dollars, or by both such fine and imprisonment."

It will be seen that a violation of this section may be a felony or a misdemeanor, depending upon the value of the property destroyed or the diminution in the value of the property by the injury.

Section 721 of the Code of Criminal Procedure, prescribing the form of a certificate of commitment issued by a Court of Special Sessions, contemplates that the crime charged shall be designated. The only crime charged in the certificate of conviction now being reviewed is a statement that relator had violated section 1433 of the Penal Law, " malicious mischief." It does not state the value of the property destroyed or the diminution in the value of the property by reason of the injury, and there is nothing before this court to show whether the relator was convicted of the crime of a misdemeanor or of a felony. If the charge in the Court of Special Sessions was such as to amount to a felony, then that court had no jurisdiction to impose the sentence and issue the commitment. I think the natural presumption is that the charge made in the Court of Special Sessions was the same as the offense with which the relator is charged in the certificate of conviction. It has been held that where a party is placed on trial in a Court of Special Sessions he should be charged by an information sufficient to show the jurisdiction of the justice and this should be followed by a warrant specifically stating the crime. (*People* v. *James*, 11 App. Div. 609.) A certificate of conviction should be no less clear or specific in the designation of the crime with which the defendant is charged. Jurisdiction of Courts of Special Sessions is never presumed; it must appear affirmatively by evidence or recital in the record. (*People* v. *Quimby*, 72 Misc. 421.)

The record of conviction as evidenced by the certificate, as shown by the return, fails to disclose whether the defendant was convicted of a felony or misdemeanor in the Court of Special

Sessions. It follows that the record here does not disclose that the Court of Special Sessions had jurisdiction to pronounce the judgment rendered. (*People* v. *Jacobs*, 51 Misc. 71; *People* v. *Hendricks*, 232 App. Div. 186; *People ex rel. Allen* v. *Hagan*, 170 N. Y. 46; *People ex rel. Zupanice* v. *Giltner*, 147 Misc. 157.)

The commitment on its face fails to show that the magistrate issuing the commitment had jurisdiction. Therefore, the writ should be sustained and the relator discharged. An order may be entered accordingly.