In the Matter of the Application of HERMAN STANLEY SITTS, Petitioner, for an Order against CARROLL MEALEY, Commissioner of Motor Vehicles, Respondent.

Supreme Court, Oneida County, September 14, 1939.

*Lionel E. Krohn,* for the petitioner.

*John J. Bennett, Jr., Attorney-General [Frederic C. Barns, Assistant Attorney-General,* of counsel], for the respondent.

CROSS, J.   This proceeding was commenced under article 78 of the Civil Practice Act.   The petition and notice of application having been served upon respondent, he was required to serve an answer thereto.   (Civ. Prac. Act, § 1291.)   The facts, therefore, stand as stated in the petition and this decision and the final order

to be entered thereon, are based on the petition and accompanying papers. (Civ. Prac. Act, § 1297.)

The certificate of conviction of petitioner for a violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law, upon which the Commissioner of Motor Vehicles relied in issuing the suspension order, failed to show compliance by the convicting magistrate with the provisions of section 335-a of the Code of Criminal Procedure.

Said the court in *Matter of Ohmann* v. *Harnett* (168 Misc. 521, 525): "Having no power to convict upon a plea of guilty excepting upon compliance with section 335-a, this became a jurisdictional fact and should have appeared upon the face of the certificate of conviction, it follows that the certificate and judgment of conviction was a nullity." (See, also, *People ex rel. Zupanice* v. *Giltner*, 147 Misc. 157; *People ex rel. Sweet* v. *Lewis*, 150 id. 650.)

Certain memoranda marked respondent's Exhibit 1, 1-a, 1-b and 1-c for identification, were received by mail after the argument upon the application, but these papers are not received or considered in this decision, for the reason that no answer had been interposed by respondent which put in issue the allegations of the petition, which point was raised by petitioner's counsel on the argument. No request to file an answer was made and no foundation laid for the receipt in evidence of these papers now marked for identification only.

In view of the large number of convictions under the Vehicle and Traffic Law before various courts of limited jurisdiction, much confusion and injustice will be avoided by following established precedent requiring the certificate of conviction, upon which the respondent acts in revoking operators' licenses and registration certificates, to show upon its face compliance with jurisdictional requirements.

Likewise, I am convinced that the procedural requirements relating to the interposition of an answer in case an issue of fact is sought to be raised should not be regarded as a mere idle formality. Adherence to prescribed procedure will enable the petitioner to know when he comes into court the proof he will be required to produce in order to support his claim to a remedy.

The judgment of conviction tested by the certificate before the respondent and before this court was a nullity. It follows that the revocation of the licenses grounded upon such a certificate of conviction was void and that the application of the petitioner should be granted.

Ordered accordingly.