The information charges the defendant with the crime of petit larceny in that on July 27, 1949, in the county of Queens, he stole and took from the possession of Jacob Marcus, property of the value of less than $100, to wit, ten copies of the issue of “The Daily News”, with the intent to deprive the owner thereof and to appropriate the same to his own use. After trial in the Court of Special Sessions of the City of New York, Borough of Queens, defendant was convicted and sentenced to the workhouse for a term of three months. Defendant appeals and contends that his guilt was not established beyond a reasonable doubt, and that the sentence is excessive. There is no merit in either contention. Although it is undisputed that the court had jurisdiction of the person of defendant and jurisdiction of the offense with which he was charged, defendant urges that as there was no proof that the crime was committed in Queens County, the court had no jurisdiction. That question was not raised upon the trial when the omission could have been readily supplied; nor was the jurisdiction of the court questioned; nor was any motion made in arrest of judgment. At the close of the People’s case defendant made no motions, and at the end of the whole ease the only motion was for acquittal “ on the ground that the People have failed to establish the guilt of this defendant beyond a reasonable doubt. ” That also was the sole motion made at the .time of sentence. The information charged the crime was committed in Queens County. The complainant, who operated a stationery store, resided in Queens County, and throughout the trial everyone, including the defendant’s counsel, took for granted that the store where the theft occurred was at the same address where complainant resided. All the evidence clearly imports that the crime was committed in Queens County and, as heretofore stated, that fact was assumed upon the trial. Defendant will not be heard on appeal to urge for the first time that there was a failure of proof that the offense was committed within the jurisdiction of the court. {Wagner v. People, 2 Keyes 684; People v. Wood, 131N. Y. 617-619; People V. Pugh, 167 N. Y. 524; People v. Cooper, 58 App. Div. 532-533; People v. Stein, 112 App. Div. 896; Casey v. United States, 276 U. S. 413, 417; People v. Karris, 87 Mise. 266, 268.) Judgment of the Court of Special Sessions of the City of New York, Borough of Queens, convicting the defendant of the crime of petit larceny, affirmed. Nolan, P. J., Johnston, Adel and MacCrate, JJ., concur; Wenzel, J., dissents and votes to reverse and to order a new trial, with the following memorandum: The evidence does not show that the crime was committed'within the city of New York. This is a jurisdictional fact, which must be established by affirmative proof and may not be assumed. (Staples v. Fairchild, 3 N. Y. 41, 46; People v. Quinby, 72 Misc. 421, 424; People v. McLaughlin, 57 App. Div. 454, 456; People ex rel. Sweet v. Lewis, 150 Misc. 650, 652.) The question of jurisdiction can be raised at any time, even when not urged upon the trial.