THE PEOPLE OF THE STATE OF NEW YORK ex rel. JERRY McCHESNEY, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.

Third Department, November 11, 1968.

*Jerry McChesney*, appellant in person.

*Louis J. Lefkowitz, Attorney-General* (*Ruth Kessler Toch* and *Malcolm S. Goddard* of counsel), for respondent.

STALEY, JR., J. This is an appeal from a judgment of the Supreme Court at Special Term entered April 16, 1968, in Clinton County, dismissing a writ of habeas corpus.

The petitioner was indicted on a charge of murder, in the first degree. On November 9, 1961 he and two codefendants were jointly tried by a jury which resulted in a verdict of guilty, and a judgment of conviction for the crime charged. On March 2, 1962 petitioner was sentenced to a life term which he is presently serving at Clinton Prison, Dannemora, New York.

The punishment for murder, in the first degree, in the year 1962 was death unless the jury recommended life imprisonment. In rendering its verdict against petitioner, the jury recommended a life sentence instead of the death penalty.

In his application for a writ of habeas corpus petitioner alleges that, during the selection of the trial jury in petitioner's case, prospective jurors were systematically rejected by the State due to their conscientious opinions concerning capital punishment which resulted in a jury partial to the prosecution, and he further alleges that the New York statute which provides that the State could challenge for cause all prospective jurors who were opposed to, or had conscientious scruples against capital punishment deprived petitioner of a jury which fairly represented a cross section of the community, and assured the State of a jury whose members were partial to the prosecution on the issue of guilt or innocence, in violation of petitioner's rights under the Sixth and Fourteenth Amendments to the United States Constitution.

**Section 377** of the Code of Criminal Procedure, in effect in 1961 insofar as it is pertinent, provided as follows:

" A challenge for implied bias may be taken for all or any of the following causes, and for no other: * * *

" 8. If the crime charged be punishable with death, the entertaining of such conscientious opinions as would preclude his finding the defendant guilty; in which case he shall neither be permitted nor compelled to serve as a juror."

The intent of the statute was to insure that there be impartial juries where the crime charged was punishable by death by eliminating prospective jurors biased against finding a defendant guilty in such a case. The statute recognizes that the People have as much right to an impartial jury as the criminal defendant. " It is to be remembered that such impartiality requires not only freedom from any bias against the accused, but also from any prejudice against his prosecution. Between him and the state the scales are to be evenly held." (*Hayes* v. *Missouri*, 120 U. S. 68, 70; see, also, *Swain* v. *Alabama*, 380 U. S. 202.)

Although juries should be as fully representative of the community as possible, there should be no requirement that those biased against one of the critical issues in a trial should be

represented on the jury. " A juror who has conscientious scruples on any subject, which prevent him from standing indifferent between the government and the accused, and from trying the case according to the law and the evidence, is not an impartial juror." (*Logan* v. *United States,* 144 U. S. 263, 298.)

The petitioner relies on the recent holding of the United States Supreme Court in *Witherspoon* v. *Illinois* (391 U. S. 510, 512) which reviewed the Illinois statute authorizing the exclusion of any juror who stated " that he has conscientious scruples against capital punishment, or that he is opposed to the same." Section 377 of the Code of Criminal Procedure differs in that it authorizes the prosecution to challenge for cause only those prospective jurors who state that their opinions with regard to capital punishment would preclude them from making an impartial decision as to the defendant's guilt.

In the *Witherspoon* case a judgment of conviction for first degree murder and a death sentence were reversed because the jury that recommended it was chosen by excluding veniremen for cause simply because they voiced general objection to the death penalty or expressed conscientious or religious scruples against its infliction.

In the *Witherspoon* case, however, the court clearly stated (pp. 513, 517–518) : " The issue before us is a narrow one. It does not involve the right of the prosecution to challenge for cause those prospective jurors who state that their reservations about capital punishment would prevent them from making an impartial decision as to the defendant's guilt. * * * We simply cannot conclude, either on the basis of the record now before us or as a matter of judicial notice, that the exclusion of jurors opposed to capital punishment results in an unrepresentative jury on the issue of guilt or substantially increases the risk of conviction." And it is further stated in footnote 21 (pp. 522–523) " We repeat, however, that nothing we say today bears upon the power of a State to execute a defendant sentenced to death by a jury from which the only veniremen who were in fact excluded for cause were those who made unmistakably clear * * * (2) that their attitude toward the death penalty would prevent them from making an impartial decision as to the defendant's *guilt.* Nor does the decision in this case affect the validity of any sentence *other* than one of death. Nor, finally, does today's holding render invalid the *conviction,* as opposed to the *sentence,* in this or any other case."

In *Bumper* v. *North Carolina* (391 U. S. 543), decided the same day as *Witherspoon,* the appellant argued that a conviction in a case punishable by death by a jury from which had been

removed for cause those who, without more, were opposed to capital punishment or had conscientious scruples against imposing the death penalty, was a denial of his constitutional right to trial by an impartial jury. The appellant argued that a jury qualified under such standards must necessarily be biased with respect to defendant's guilt. The court held that the decision in *Witherspoon* did not govern because the jury in *Bumper* recommended a sentence of life imprisonment and, since no death sentence was imposed, the selection of the jury did not violate the appellant's right to a fair and impartial trial.

The petitioner's contention that the selection of the jury under the New York statute must necessarily result in a jury biased in favor of conviction, is without merit. The constitutional guarantee is of a fair and impartial trial, fair and impartial to the accused, as well as to the prosecution, and the statute in question supports this guarantee and has been upheld by our courts. (*People* v. *Fernandez,* 301 N. Y. 302, cert. den. 340 U. S. 914; *People* v. *Wood,* 131 N. Y. 617; see, also, *Turberville* v. *United States,* 303 F. 2d 411, cert. den. 370 U. S. 946; *People* v. *Riser,* 47 Cal. 2d 566, cert. den. 353 U. S. 930; *United States* v. *Puff,* 211 F. 2d 171, cert. den. 347 U. S. 963.)

In *People* v. *Fernandez* (*supra*) the court held that in a capital case, challenges for cause of prospective jurors pursuant to section 377 of the Code of Criminal Procedure, who, on *voir dire,* stated that they were opposed to capital punishment should be sustained.

The selection of the jury which tried petitioner was not in violation of petitioner's constitutional rights, and the writ of habeas corpus was properly denied.

The judgment should be affirmed, without costs.

GIBSON, P. J., HERLIHY, REYNOLDS and AULISI, JJ., concur.

Judgment affirmed, without costs.