THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM LYTTLE, Appellant.

First Department, March 1, 1929.

*Moses A. Sachs,* for the appellant.

*Edward V. Loughlin, Deputy Assistant District Attorney,* of counsel [*Joab H. Banton, District Attorney*], for the respondent.

PER CURIAM. The evidence failed to establish the commission of either of the crimes charged in the information. The first count charged a violation of section 974 of the Penal Law, in that the defendant, not being a public officer, " did unlawfully and knowingly possess a certain writing, paper, document, record and policy slip which represented, and was a record of a chance, share and interest in numbers sold, given away, drawn or selected, or to be drawn and selected, in a game drawing and device commonly called Policy, and commonly used in carrying on, promoting and playing the game commonly called Policy." The second count charged a violation of section 973 of the Penal Law in that the defendant " unlawfully did keep a certain room and a certain place  *  *  *  used for gambling."

The arresting officer testified that the papers and records found in the possession of the defendant were used in the game commonly known as a New York Baseball Pool and that this game as represented by the records found on the defendant was more in the nature of a lottery than of policy. In this state of the proof there was, therefore, no evidence to show that the defendant was in the possession of policy slips. (*People* v. *Bloom,* 248 N. Y. 582.) The decision in the case cited should lead in the future to a more careful

consideration of the information to be filed under each set of circumstances, and due regard should be given to sections 974, 986 and 1374–1386 of the Penal Law.

Nor, as already indicated, was the evidence sufficient to sustain the second count of the information. The arresting officer was unable to say whether the defendant was the owner or in charge of the cigar store where the arrest took place. The evidence was that he stood at the counter, but on which side thereof does not appear.

It follows that the judgment of conviction should be reversed, the information dismissed and the defendant discharged.

Present — DOWLING, P. J., FINCH, McAVOY, MARTIN and O'MALLEY, JJ.

Judgment reversed, information dismissed and defendant discharged. Settle order on notice.