THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. WILLIAM LYTTLE, Respondent.

(Argued June 6, 1929; decided July 11, 1929.)

348

*Joab H. Banton, District Attorney (John C. McDermott* of counsel), for appellant. The baseball pool slip in evidence is a policy slip. (*People* v. *Lavin,* 179 N. Y. 164; *Carl Co.* v. *Lennon,* 86 Misc. Rep. 255; *Ludington* v. *Dudley,* 9 Misc. Rep. 700; *Irving* v. *Britton,* 8 Misc. Rep. 201; *State* v. *Sedgwick,* 25 Del. 453; *Wilkinson* v. *Gill,* 74 N. Y. 63; *Bueno* v. *State,* 40 Fla. 160; *People* v. *Adams,* 176 N. Y. 351; *State* v. *Hilion,* 245 Mo. 522; *People* v. *Cronin,* 189 Mo. 663; *State ex rel. Kellogg* v. *Kansas Mercantile Assn.,* 45 Kan. 351; *State* v. *Wilkinson,* 170 Mo. 184.)

*Moses A. Sachs* for respondent. It was not established by the testimony that the books and cards in evidence were policy slips. (*People* v. *Bloom,* 248 N. Y. 582; *People* v. *Jones,* 89 Hun, 12; *People* v. *Nobblett,* 244 N. Y.

355.) There was a fatal variance between the information and the proof. (*People* v. *Dunmar*, 106 N. Y. 502; *People* v. *Motello*, 157 App. Div. 510; *People* v. *Corbalis*, 178 N. Y. 516; *People* v. *Knapp*, 147 App. Div. 436.)

*Per Curiam.* So far as the record informs us, the game conducted by the defendant was one involving a trial or test of skill, and not one dependent upon the drawing or choice of numbers. If the fact is otherwise, as the People's brief suggests, appropriate evidence should have been offered to bring the case within the statute.

Penal Law, section 974, permits a prosecution where the result of a wager is dependent on the selection of numbers, even though not strictly the game of policy, but in such circumstances the information should be framed upon that theory.

The judgment should be affirmed.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.