SADIE ISAACS, Respondent, v. ASSOCIATED LESSORS, INC., and Others, Appellants, Impleaded with GIUSEPPE VENTIMIGLIA and Others, Defendants.

PER CURIAM. The record in this case is in a very unsatisfactory condition, due to the fact that the fourteenth finding of fact and the conclusion of law based thereon, as to the lien of the defendant George V. Zourides, are without any evidence to support them. There is no proof that the answer of said Zourides was served upon the defendant owner, and if the reliance for support for said finding and conclusion is to be placed upon the concession made by the attorney for said defendant owner upon the trial it is not sufficiently broad to cover any claim except that of the plaintiff. The judgment appealed from should, therefore, be affirmed, with costs, but said finding and conclusion are reversed. Present — Dowling, P. J., Merrell, Finch, McAvoy and Sherman, JJ. Judgment affirmed, with costs.

H. R. MALLINSON & Co., INC., Appellant, v. JOSEPH GLUCK, Doing Business under the Firm Name and Style of PAGODA TEXTILE MILLS, Respondent.

PER CURIAM. The order is affirmed as a matter of discretion, with ten dollars costs and disbursements. We think that the question as to whether the use of the term " Pagoda " was an infringement of plaintiff's right should await the trial. Present — Dowling, P. J., Merrell, Finch, McAvoy and Sherman, JJ. Order affirmed as a matter of discretion, with ten dollars costs and disbursements.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KIYO NAKAMORI, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JUNZO OHARE, Appellant.

Judgments affirmed. No opinion. Present — Dowling, P. J., Merrell, Martin, O'Malley and Sherman, JJ.; O'Malley, J., dissents.

O'MALLEY, J. (dissenting). While the evidence was sufficient to justify a finding that the defendants were guilty of knowingly possessing lottery tickets, described in the evidence as " Chinese policy " slips, they were not proven guilty of the crime charged in the informations — the possession of policy slips which relate to the drawing of numbers. The case comes within the principle of our decision in *People* v. *Lyttle* (225 App. Div. 299; affd., 251 N. Y. 347). I, therefore, vote for a reversal of the judgments of conviction and for a dismissal of the informations.