The People of the State of New York, Respondent, *v.* Meyer Edelstein, Appellant.

First Department, January 30, 1931.

*James G. Moore* of counsel [*Evarts L. Prentiss* with him on the brief], for the appellant.

*John C. McDermott, Deputy Assistant District Attorney,* of counsel [*Thomas C. T. Crain, District Attorney,* attorney], for the respondent.

MARTIN, J. The information herein charges the defendant with a misdemeanor in that on August 14, 1930, in the county of New York, he " did unlawfully and knowingly possess a certain writing * * * described as follows: ' The Army & Navy Veterans in Canada, Quebec Unit No. 33, 12th Charity Sweep $600,000.00 Cambridgeshire, Run Wednesday 29 October, 1930, Subscription One Dollar, Closing date for subscriptions 8th October, 1930,' which represented, and was a record of a chance, share and interest in numbers sold, given away, drawn or selected, or to be drawn and selected in a game drawing and device commonly known as Lottery Policy and commonly used in carrying on, promoting and playing the game commonly known as a Lottery Policy."

On August 28, 1930, appellant pleaded not guilty and on September 11, 1930, after a trial he was found guilty. A motion to dismiss the information was made. at the end of the People's case and again at the end of the whole case. The motions were denied. The court in denying the motions gave exceptions to the defendant. The defendant was admitted to bail upon a certificate of reasonable doubt.

George W. Lyons, a police officer, testified for the People that on August 14, 1930, in room 305 of the premises 130 Pearl street, New York city, used as a coffee shop, in which there were several men, he saw the defendant, who was standing near a table in one corner of the room, put his hand in his left hip pocket and attempt to place something on the window sill; that while appellant's fingers were still on the object which he had placed on the window sill, the police officer picked it up and discovered that it was a book containing certain slips. On the trial it was marked " People's Exhibit 1 " for identification.

Police Officer Emanuel Kline was called as an expert witness and testified that he had played the game known as the Army and Navy Veterans' Sweepstakes in Canada. The book which was placed in evidence was shown to him but he stated that he had not played that particular game, but that he had taken instructions in that game in the New York police college. He then proceeded to describe the method of playing the game and how the prizes are distributed. He finally testified that this was a lottery policy game. His description of the game, however, clearly showed that it did not come within the allegations of the information.

The defendant testified that he had lived in New York for thirty-nine years and had never been convicted of a crime; that he was in the coffee shop on the day in question buying coffee for his brother who is in the restaurant business; that he had bought coffee there before; that he never played the Army and Navy Veterans' Sweepstakes game, nor did he ever sell tickets; that he did not have the tickets in his possession; that he saw them for the first time when the officer picked them off the window sill which was six feet away from where he was standing.

Robert Zemek testified on behalf of the defendant. He stated that he was a coffee salesman; that he was in the premises in question at the time selling coffee to the proprietor of the place; that three officers came in; that they arrested him and also the appellant; that they found one slip on the witness and they charged him with playing policy; that the book of tickets was not found on the appellant; that it was found by one of the detectives who inquired as to who owned the book and upon receiving no response said, " It probably belongs to this fellow," indicating the defendant.

Upon this appeal it is the defendant's contention that People's Exhibit 1 for identification is a record of a chance in a lottery, the winner being determined by a contest of the speed and endurance of race horses. It is not a bet or wager on numbers drawn or selected in the game commonly known as policy. That contention appears to be sustained by the evidence.

We are of opinion that this defendant was improperly convicted of possessing policy slips and that the tickets, shares or chances on the Army and Navy Veterans' Sweepstakes to be run in Canada were not policy slips. The definitions of the game of policy and explanations of the manner in which it is played provide for the player to guess numbers or series of numbers as the winning combination. In this case, however, the player wins or loses depending on the outcome of a horse race. We believe that there is a sufficient distinction between these slips and the slips used in the game of policy to preclude a conviction under the statute prohibiting the possession of policy slips.

The Court of Appeals has held that there is a substantial difference between policy and lottery. (*People* v. *Bloom*, 248 N. Y. 582.) In that case the court held that although the defendant's gift enterprise constituted a lottery (Penal Law, § 1370), the certificates in his possession were not shown to be policy slips and the defendant was not shown to have been engaged in the game commonly known as policy.

In *People* v. *Lyttle* (251 N. Y. 347) the court said: " So far as the record informs us, the game conducted by the defendant was one involving a trial or test of skill, and not one dependent upon the drawing or choice of numbers. If the fact is otherwise, as the People's brief suggests, appropriate evidence should have been offered to bring the case within the statute.

" Penal Law, section 974, permits a prosecution where the result of a wager is dependent on the selection of numbers, even though not strictly the game of policy, but in such circumstances the information should be framed upon that theory."

The Special Term pointed out that the policy slips were not offered in evidence. We do not place our decision on that ground. The information charges the defendant with the crime of possessing policy slips. That crime was not proved.

The attention of the district attorney's office has been called to the fact that care should be used in drawing informations of this character (*People* v. *Lyttle, supra*), so that the prosecution may proceed under the proper section.

In view of the decisions, and the fact that the chance in the Army and Navy Veterans' Sweepstakes in Canada was dependent on a horse race and not on the selection of numbers as in the game of policy, the judgment of conviction should be reversed, the information dismissed and the defendant discharged.

DOWLING, P. J., FINCH, McAVOY and O'MALLEY, JJ., concur.

Judgment reversed, the information dismissed and the defendant discharged.