THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM HENDRICKS, Appellant.

First Department, May 1, 1931.

*Max Bollt* of counsel [*Sidney Hauptman* with him on the brief; *Max Bollt*, attorney], for the appellant.

*John C. McDermott* of counsel [*Thomas C. T. Crain, District Attorney*], for the respondent.

O'MALLEY, J. The judgment discloses that the defendant was convicted under the first count of the information only. We are, therefore, not necessarily concerned with the question of whether the evidence was sufficient to sustain a conviction under the second count which charged the defendant with unlawfully keeping a room used for gambling. Assuming, however, that such question were before us we are of opinion that the evidence was insufficient to sustain the charge under this count.

The first count charged the defendant with unlawfully possessing policy slips, committed as follows: " The said defendant, on the 26th day of September, 1930, at the City of New York, in the County of New York, not being a public officer did unlawfully and knowingly possess a certain writing, paper, document, record and policy slip which represented, and was a record of chance, share and interest in numbers sold, given away, drawn or selected, or to be drawn and selected in a game, drawing and device commonly called Policy, and commonly used in carrying on, promoting and playing the game commonly called Policy."

The district attorney concedes that the defendant was not in the possession of policy slips, but seeks to sustain the conviction on the first count upon evidence which showed that the defendant possessed a paper, print or writing " such as is commonly used in carrying on, promoting and playing the game called ' policy ' " in violation of section 974 of the Penal Law (as amd. by Laws of 1926, chap. 435).

The papers or writings in the defendant's possession were described by the arresting officer as " collection sheets of policy numbers, containing the names of different collectors." The witness further described them as " the collection sheets of the

different collectors, with the amounts attached — with the amounts alongside their names. * * * Q. Amount of what? A. Amount of money collected."

Section 974, in so far as material, provides that one " who shall have in his possession, knowingly, any writing, paper or document, representing or being a record of any chance, share or interest in numbers sold, drawn or selected, or to be drawn or selected, or in what is commonly called ' policy,' or in the nature of a bet, wager or insurance, upon the drawing or selection, or the drawn or selected numbers of any public or private lottery; or *any paper, print, writing*, number, device, policy slip, or article of any kind such as is *commonly used in carrying on, promoting or playing the game commonly called ' policy; '* * * * is a common gambler, and guilty of a misdemeanor."

An examination of the first count of the information as drawn clearly discloses that it is predicated upon the provision of the section first quoted and not upon the language of the latter portion of the section. Under the language first quoted and under the information as framed, whatever writing, paper, document or record the defendant might possess would have to represent or be a record of chance, share or interest in numbers sold, given away, drawn or selected, or to be drawn or selected, in the game known as policy, and commonly used in carrying on, promoting or playing such game.

The papers found in the possession of the defendant do not answer the definition contained in the information, nor in that portion of the statute upon which it is based, for the reason that the so-called collection sheets are not a record " in numbers sold, given away, drawn or selected " in the game of policy itself. They were not shown to have any connection with numbers used in the drawing, but were apparently a record entirely separate and apart from any writing, paper or document used as a record of chance, share or interest in numbers sold, given away, drawn or selected, or to be drawn and selected.

True it is that the writings described by the officer may have been " such as is commonly used in carrying on, promoting or playing the game commonly called ' policy,' " and if the information was predicated upon this provision in the statute, the evidence would have been sufficient to sustain a conviction. But the language last above quoted as contained in the information is clearly qualified by that which precedes it and it is, therefore, limited in the respects already indicated.

An information takes the place of an indictment (*People ex rel. New York Disposal Corp.* v. *Freschi*, 173 App. Div. 189, 191), and

a defendant must be charged with the particular offense which it is claimed he has committed. (*People* v. *Noblett*, 244 N. Y. 355, 360; *People* v. *Edelstein*, 231 App. Div. 459.)

It follows that the judgment appealed from should be reversed, the information dismissed and the defendant discharged.

SHERMAN and TOWNLEY, JJ., concur; FINCH, P. J., and MERRELL, J., dissent and vote for affirmance.

FINCH, P. J. (dissenting). I vote to affirm. The information is sufficiently broad to cover the paper writings, used in promoting the game of policy, which were found in the possession of the defendant.

MERRELL, J., concurs.

Judgment reversed, the information dismissed and the defendant discharged.