In the Matter of the Application of EUGENE PRAITHER for a Writ of Habeas Corpus. EUGENE PRAITHER, Respondent; THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— Order sustaining writ of habeas corpus and discharging respondent from custody reversed on the law, without costs, writ dismissed and respondent remanded to the custody of the sheriff of Nassau county. The Court of Special Sessions in the town of Hempstead had no jurisdiction to try respondent for possessing "policy" slips in violation of section 974 of the Penal Law. Such offense is indictable in the County Court. (1) The possession of policy slips is not mentioned in section 56 of the Code of Criminal Procedure, which is the source of jurisdiction of the Court of Special Sessions outside of the city of New York and the city of Albany; (2) violations of section 974 of the Penal Law, dealing with the game of "policy," have been differentiated from "lottery," provided for under sections 1370–1386 of the Penal Law (*People* v. *Bloom*, 248 N. Y. 582; *People* v. *Weber*, 245 App. Div. 827; *People* v. *Lyttle*, 225 id. 299; affd., 251 N. Y. 347; *People* v. *Edelstein*, 231 App. Div. 459); (3) even if "policy" be deemed "lottery" within the purview of the Penal Law, possession of a ticket is not included within subdivision 10 of section 56 of the Code of Criminal Procedure; (4) section 974 of the Penal Law was enacted a long time after section 56 of the Code of Criminal Procedure, yet the Legislature did not amend section 56 so as to include a violation of section 974. Section 56 of the Code of Criminal Procedure has been amended as late as 1934, yet no amendment or addition thereto has been made so as to include any violation of section 974 of the Penal Law. It is thus indicated that it was not intended by the Legislature to give Courts of Special Sessions outside the cities of New York and Albany jurisdiction in "policy" cases; (5) since the Court of Special Sessions had no jurisdiction, the County Court has jurisdiction. Lazansky, P. J., Hagarty, Davis, Johnston and Adel, JJ., concur.