THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* HENRY KRAVITZ, Respondent.

Submitted January 8, 1942; decided March 5, 1942.

*Charles P. Sullivan, District Attorney (Edmund C. Rowan of counsel), for appellant.* The papers or slips in the defendant's possession come within the scope of sections 974 and 975 of the Penal Law. (*People v. Emerson,* 6 N. Y. Crim. Rep. 157; *Wilkinson v. Gill,* 74 N. Y. 63.)

*Leo Karp* for respondent. The papers found in the defendant's possession were not shown to be used in the game or scheme commonly called policy and do not come within the scope of sections 974 and 975 of the Penal Law. (*People v. Bloom,* 248 N. Y. 582; *People v. Nakamori,* 256 N. Y. 62; *People v. Edelstein,* 247 N. Y. Supp. 549; *People v. Hines,* 6 N. Y. Supp. [2d] 2; 284 N. Y. 93; *People v. Lyttle,* 251 N. Y. 347; *People v. Adams,* 176 N. Y. 351; *State v. Wilkinson,* 70 S. W. Rep. 478; *State v. Carpenter,* 22 Atl. Rep. 497.)

CONWAY, J. The defendant is charged with the violation of sections 974 and 975 of the Penal Law. He was arrested after visiting several places in his automobile. He had in his possession a carton box containing twelve envelopes which in turn contained 395 slips which he said were " treasury balance policy slips." The defendant's description was correct and the uncontradicted testimony of the expert witness called by the People confirmed it. The defendant said he distributed the slips on each Saturday

to various customers and received sixty cents for each of them. Each slip contained a number and that number was to be used on the six days of the succeeding week in connection with the United States Treasury Balance or Statement published daily in a designated newspaper. The numbers to be used were the last three after excluding the figures representing cents. If the number purchased corresponded with the last three dollar figures in the treasury balances during the six days of the week following the purchase in any one of thirty-two permitted arrangements of them, a so-called " premium " in amounts varying from one dollar to twenty-five dollars was to be paid to the holder of the number so purchased.

The slips were clearly writings representing and being a record of a chance, share and interest in *numbers* to be drawn and selected and in what is commonly called policy. It is true that the purchaser of a number did not think up that particular number in order to play it. A player of policy, however, may, under circumstances such as here presented, select a number by such method as he chooses whether by selecting it himself, determining to choose it from the next three numbers which he comes upon or by accepting a number selected or delivered to him by another. In each case he plays a number which he has selected although the means of selection may be by different methods. He has, however, determined to play the number which he selects by his own particular method and pays consideration for the opportunity of doing just that. What the player has, by reason of his possession of the slip with a number upon it, is a writing or paper representing or being a record of a chance, share and interest in *numbers* sold, drawn and selected. What the defendant had before the sale was a writing or paper representing or being a record of chance, share and interest in *numbers* to be drawn or selected. In effect the defendant urges that if a player selected a number and wrote it on a slip of paper and delivered it to him (the seller), that that, under applicable circumstances, would be a policy slip but that it is not a policy slip when

he (the seller) has it in his possession for sale to a customer who will not know the number he is to play until he has paid for it and ripped the threads with which the slip is sewn. The distinction is narrow and we think that the *method* of selection by the player of the number to be played should not be the conclusive factor in determining whether there is possession knowingly of a writing or paper representing an interest in *numbers* to be drawn or selected or in what is commonly called policy.

The order of the Appellate Division should be reversed and the judgment of the Court of Special Sessions affirmed.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and DESMOND, JJ., concur.

Ordered accordingly.