THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* NATHAN OAK, Appellant.

*Per Curiam.* Defendant appeals from a judgment convicting him of receiving money in the game of policy in violation of sections 974 and 975 of the Penal Law after trial in the Court of Special Sessions. He was sentenced to pay a fine of $500 or serve a term of ninety days in City Prison; the fine was paid.

Defendant called no witnesses and did not testify in his own behalf but moved to dismiss at the close of the case and the motion was denied.

There was only one witness for the People, a police officer, who after being qualified as an expert in the game of policy, testified as to what he had seen and what he had heard some of the unknown persons who gave defendant money say after they called out numbers and the few words he heard defendant say. The officer had defendant under observation the day before and saw him go through the same procedures at a rug factory, a chicken market and a gasoline station. The People's case is based entirely on the officer's testimony as an expert. The officer said in effect that the transactions were " Mutual [sic] racehorse, three-number policy ", but did not explain what " Mutual " policy was or show how any wagering was involved. We find in this record the same deficiencies we noted in *People* v. *Pierson* (279 App. Div. 509, 512, 513) viz., the officer did not explain " the meaning of the wagers made and the system of policy playing employed ". In the *Pierson* case, this court laid down the following rule (p. 513) : " In this type of case, the courts should be advised not only of the facts upon which an expert bases his conclusions but also an explanation of those facts in order to determine whether or not such conclusions are well founded. If such facts are not declared there is no basis upon which the conclusion of the expert can be contested or questioned (*People* v. *Samuels,* 302 N. Y. 163, 172, [opinion FROESSEL, J.] ; *People* v. *Strait,* 148 N. Y. 566). * * * the conclusion reached by the officer should have been explained with sufficient clarity to enable the trial court and a reviewing court as well to determine whether or not defendant if guilty, was guilty of the crime of handling money wagered on policy."

The judgment of conviction appealed from should be reversed, the fine remitted and a new trial ordered.

Dore, J. P., Cohn, Callahan, Bastow and Botein, JJ., concur.

Judgment unanimously reversed, the fine remitted and a new trial ordered.