Michael Catalano, J.
This is an appeal from the City Court of Buffalo, New York, from a judgment of conviction entered June 8, 1960, granted by Hon. Ann Mikoll, Associate Judge of said court, convicting the defendant of violating section 974 of the Penal Law.
The information charges: “ That at the City of Buffalo and County of Brie on or about the 3rd day of February, 1960, one John Livingston of 48 Howard Street did unlawfully have in *988 his possession a number of ‘ Policy Slips ’ which are records of chances in a game of ‘ Lottery Policy ’ which is a gambling game in which money may be lost or won.”
The People called only one witness, a member of the Buffalo Police Department, assigned to the anti-gambling squad .for about six years, named Eobert J. Skipper. Detective Skipper, with detectives D’Amico and Thompson, went to the defendant’s barbershop and found the defendant with a bundle of papers in his hand; in his right-hand pocket, the defendant had another bundle; in the room back of the barbershop, there was a third bundle of slips. Detective Skipper had made about 100 arrests a year involving policy slips, and had testified in court in about 50 such cases. He never had any personal experience with “policy.” Other detectives and some arrested persons had explained to Detective Skipper how “ policy ” works.
Although defense counsel objected to Detective Skipper’s lack of qualifications and that the three exhibits were not explained except that they were identified as ‘ ‘ policy slips, ’ ’ they were received in evidence. This is the main ground for this appeal.
Thereafter, Detective Skipper explained ‘ ‘ how the policy business works,” over defense counsel’s objection of hearsay. Defendant called no witness and did not testify himself.
Briefly, policy is like a bet or wager upon the drawing of numbers in which the player selects, or has selected for him, a number or series of numbers as the winning combination. (People v. Kravitz, 262 App. Div. 911, revd. on other grounds 287 N. Y. 475, 477.) ■ Section 974 of the Penal Law prohibits four kinds of activities having to do with policy, including the possession of papers used in this form of gambling. (People v. Wolosky, 296 N. Y. 236, 238.) The description of policy slips by police officers must be sufficient and relevant to the allegations in the information. Thus, where the game of chance depends upon a horse race and not upon the selection of numbers as in the game of policy, a conviction will be reversed. (People v. Edelstein, 231 App. Div. 459, 461, affd. 256 N. Y. 660.) Also, where the evidence is sufficient to prove the defendant was guilty of knowingly possessing lottery tickets, but not the possession of policy slips relating to the drawing of numbers as charged in the information, the information should be dismissed. (See dissent in People v. Nakamori, 231 App. Div. 813, revd. 256 N. Y. 621.)
A police officer, like any other qualified expert, should state not only the facts upon which he bases his conclusions but also an explanation of those facts in order to determine whether or not such conclusions are well founded; it is only in this way *989 that the trial court and a reviewing court may determine whether or not defendant is guilty of the crime of possessing policy slips. (People v. Oak, 283 App. Div. 1018.)
Not only must the information be sufficient to charge a crime under section 974 of the Penal Law, but the proof offered may not be based upon hearsay or matters not within the personal knowledge of the witness. (See People v. Lyttle, 225 App. Div. 299, affd. 251 N. Y. 347; People v. Weber, 245 App. Div. 827; People v. Pierson, 279 App. Div. 509.)
Here, the record is insufficient to meet the established tests of alleging and proving the crime of possession of policy slips.
Attention is directed to sections 3 and 4 of chapter 549 of the Laws of 1960, which change and harmonize sections 974 and 975 of the Penal Law, effective September 1, 1960, applying to acts or possession occurring on or after such date. Great care should be exercised in the future to comply therewith.
The errors herein are substantial.
The judgment appealed from is reversed on the law and the facts, the fine of $100 remitted, the information dismissed.