■ FELIX FLORES, Respondent, v. E. W. BLISS COMPANY, Appellant.— Judgment unanimously reversed on the law and on the facts and a new trial ordered, with costs to abide the event. Plaintiff, in support of his theory of negligence in the design, manufacture and repair of the power press, offered expert opinion. There is substantial contradictory expert opinion adduced by defendant. We are, however, unable to determine from the evidence or from the defendant's exhibit of the clutch latch assembly whether the bases offered by the experts in support of their respective opinions are valid, or how the experts reach their contradictory views. The precise question is whether it was possible for the hook of the rolling key to fail to engage the latch while the latch assembly was laterally displaced in its housing because of the backing off — for some reason — of the castellated nut that was supposed to fix its position. The evidence fails to establish a sufficient basis for a resolution of that issue. It may be that the defendant can demonstrate mechanically that it is impossible for the rolling key to fail to engage the latch when the nut is backed off a given number of threads. This record does not warrant our so finding. On the other hand, the plaintiff has not shown this possibility since his expert has not sufficiently developed the basis for his opinion because of his references to "possibilities" and "other factors". Concur — Breitel, J. P., Valente, McNally and Stevens, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JASPER CROSSLAND, Appellant.— Judgment of conviction reversed and a new trial ordered. (People v. Oak, 283 App. Div. 1018; People v. Pierson, 279 App. Div. 509; People v. Harris, 1 A D 2d 821.) In view of this disposition we find it unnecessary to pass on any other question. Concur — Breitel, J. P., McNally and Stevens, JJ.; Valente, J., dissents and votes to affirm in the following memorandum: I dissent and would affirm the conviction. People v. Oak (283 App. Div. 1018) would superficially seem to be controlling in its requirement that a qualified expert explain the facts underlying his opinion that certain transactions constituted wagers on mutuel race horse policy. But in People v. Oak the conviction was based solely on the testimony of an officer who overheard the defendant accepting policy wagers, but did not find any policy slips on the defendant's person. In the instant case, the basis of the crime charged was the possession of policy slips, and when the officer — qualified as an expert on mutuel policy — testified that the slips were policy slips, further explanation of mutuel policy was wholly unnecessary. But even if this court could not distinguish People v. Oak, I think that the time has been reached to overrule that case.