■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAUL COLON, Appellant.— Judgment convicting defendant of the crimes of knowingly possessing policy writings, knowingly possessing articles commonly used in the game of policy and receiving money in the game of policy, and sentencing defendant to serve a term of six months in the Workhouse, affirmed insofar as it convicts defendant under the first and second counts of the information and reversed on the law and the facts insofar as it convicts defendant under the third count of the information and sentences defendant to serve six months in the Workhouse. The third count of the information, charging the defendant with the crime of receiving money in the game of policy is dismissed, and the matter is remanded to the Court of Special Sessions for resentence on the conviction of defendant on the first and second counts of the information. The evidence is insufficient to sustain a conviction on the third count in the information. Since the sentence was predicated on a conviction on all three counts, the matter must be remitted for resentence on the basis of the elimination of the conviction on the third count. (See *People* v. *Brod,* 12 A D 2d 903.) Concur — Rabin, Valente and Eager, JJ.; Breitel, J. P., and Stevens, J., dissent and vote to reverse and dismiss in the following memorandum by Breitel, J. P.: I dissent and vote to reverse and dismiss the information on the ground that the proof does not establish guilt beyond a reasonable doubt, and on the further ground that the expert testimony does not satisfy the rule in *People* v. *Pierson* (279 App. Div. 509) and *People* v. *Oak* (283 App. Div. 1018).

■ MARILYN COLEMAN, as Administratrix of the Estate of THOMAS COLEMAN, Deceased, Respondent, v. JESS GELB, Appellant.— Order, entered on July 21, 1960, granting leave to serve an amended complaint, unanimously modified, in the exercise of discretion, with $20 costs and disbursements to the appellant, so as to deny leave to amend the complaint to the extent of adding a cause of action for wrongful death, with leave, however, to move to serve a supplemental or amended complaint upon proper and sufficient papers. Enlargement of a complaint in a personal injury action so as to include a cause of action for wrongful death, where such death occurs prior to determination of the action, may be made by the representative of the deceased where such death " is due to the injury" (Decedent Estate Law, § 120). In seeking such enlargement a competent showing should be made causally relating the accident with the subsequent death (*Heuer* v. *New York Cent. R. R. Co.,* 2 A D 2d 681, *Bedarf* v. *Rosenbaum,* 286 App. Div. 1103). The papers submitted on this application are devoid of any competent proof of such relationship. Appeal from order entered September 26, 1960, denying defendant's motion to resettle the order dated July 21, 1960, unanimously dismissed, having become academic by virtue of the decision of this court decided simultaneously herewith. Concur — Breitel, J. P., Rabin, McNally, Stevens and Eager, JJ.