■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE DIBLIN, Appellant.— Order entered on December 29, 1959, denying defendant's application for a writ of error *coram nobis*, affirmed. No opinion. Concur — Breitel, J. P., Rabin, Valente and Stevens, JJ.; Eager, J., dissents and votes to reverse and remand for a hearing.

■ RICHARD VOGEL et al., Respondents, v. HOWARD E. SCHENCK et al., Appellants, et al., Defendant.— Order entered on April 14, 1960, insofar as it denied appellants' motion to dismiss the amended complaint for legal insufficiency, unanimously reversed, on the law, with $20 costs and disbursements to appellants, the motion granted, and the amended complaint dismissed, with $10 costs, without prejudice to the commencement of any other action which respondents deem advisable. The Certificate of Public Convenience and Necessity and the Contract Carrier Permit are not "merchandise" or "fixtures" within the meaning of those terms as used in section 44 of the Personal Property Law (Bulk Sales Act). Moreover, although such certificates and permits may be assignable under conditions prescribed by the issuing authorities, they are neither goods nor chattels nor are they other personal property expressly declared by law to be subject to levy by virtue of execution within section 679 of the Civil Practice Act. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.

■ In the Matter of MARY M. ZAHARKO, Appellant, v. STEPHEN P. KENNEDY, as Police Commissioner of the City of New York, Respondent.— Order entered on or about June 7, 1960, denying petitioner's application to rescind the action of the Police Commissioner of the City of New York disapproving petitioner's application for full pay while on sick leave, and dismissing the petition, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Rabin, Valente, McNally and Eager, JJ.

■ In the Matter of HENRY L. MCCARTHY, as Commissioner of Welfare of the City of New York, Respondent, v. WILLIAM GLICKSMAN, Appellant.— Order entered on May 8, 1958, denying respondent-appellant's motion to set aside the support order entered February 28, 1958, denying his application for a reargument or rehearing of the support application and denying his motion to dismiss the proceeding for want of jurisdiction, unanimously affirmed. No opinion. Concur — Rabin, J. P., Valente, McNally, Stevens and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE MELVILLE, Appellant.— Judgment convicting defendant of possession of policy slips unanimously reversed, on the law, and a new trial ordered on the authority of *People* v. *Pierson* (279 App. Div. 509); *People* v. *Oak* (283 App. Div. 1018), and *People* v. *Crossland* (12 A D 2d 467). Upon retrial it might be well for the trial court to have the benefit of the testimony of the police officer who accompanied the arresting officer at the time of the arrest. Concur — Rabin, J. P., Valente, McNally, Stevens and Steuer, JJ.