Burke, J.
The issues presented on this appeal involve the construction of section 975 of the Penal Law and the constitutionality of section 102-a of article VII of the New York City Criminal Courts Act.
Defendant was arrested for a violation of section 975 of the Penal Law—possession of comptroller’s ribbons used in the *384 operation of the game called “ policy ”. After a trial in New York City Magistrates’ Court, he was found guilty of possession of materials “ used in carrying on, promoting or playing the game commonly called 1 policy ’ On appeal, the Appellate Part of the Court of Special Sessions reversed the judgment and dismissed the complaint.
Defendant contends that the complaint was too broad in its scope to fairly apprise him of the charge, that a violation of section 975 of the Penal Law can only be proven by evidence of possession of material used in the actual wagering on the game of “ policy”, and that the statute conferring jurisdiction over gambling offenses on the Magistrates’ Court of the City of New York is unconstitutional.
Although the heading of the complaint stated “ Possession of Policy Slips ”, the body of the complaint charged defendant with possession “ of a writing, paper, and document representing and being a record of any chance, share [etc.] ”, It further specified that defendant had in his possession 5 comptroller’s ribbons. There was no charge that defendant possessed policy slips. Clearly, defendant knew that he was being charged with possession of the comptroller’s ribbons, and that such possession violated section 975 of the Penal Law.
We find that the complaint informed the defendant “ of the nature of the charge against him and of the act constituting it ”, and enabled him to prepare for trial. (People v. Jacoby, 304 N. Y. 33.) Here the information, although closely following the words of the statute, is sufficient as it is “ enough detailed in describing the crime ”. (People ex rel. Guido v. Calkins, 9 N Y 2d 77, 81.)
The case of People v. Hendricks (232 App. Div. 186) is of no avail to defendant. The information in that case charged the defendant with possession of “ a certain writing, paper, document, record and policy slip ”. There is no indication that the information there spelled out exactly what it was in the defendant’s possession that violated the statute. In this case the information distinctly specifies comptroller’s ribbons, thereby limiting the crime charged to be a violation of the latter part of section 975 — possession of materials used in the operation of policy. Section 975 provides for two separate crimes *385 and a person can be found guilty of one without being guilty of both.
In People v. Peck and People v. Muste (7 N Y 2d 76) we decided the remaining issue of jurisdiction. Although that situation involved a specific misdemeanor under an emergency statute, the scope of our decision transcended the narrow factual situation. In holding that the Legislature could constitutionally vest the Magistrates’ Courts in the City of New York with jurisdiction over a misdemeanor, we necessarily concluded that these courts are “inferior local courts of similar character” within the meaning of section 18 of article VI of the New York Constitution. Since this same section authorizes the Legislature to grant such courts jurisdiction over misdemeanors as it sees fit and that such misdemeanors may be tried without a jury, it is not unconstitutional for the Magistrates’ Courts in the City of New York to have jurisdiction over such misdemeanors as are determined by the Legislature. That a defendant is deprived of the right to move for a certificate of indictment under section 31 of article LEI of the New York City Criminal Courts Act, because the Legislature gave the New York City Magistrates’ Court jurisdiction over gambling offenses, may very well be true — especially where the intent of the Legislature appears to be to speed up the judicial process in the case of such offenses. But these considerations do not make an act of the Legislature unconstitutional.
The order of the Appellate Part should be reversed and a new trial granted.
Chief Judge Desmond and Judges Dye, Fuld, Froessel, Van Voorhis and Foster concur.
Order reversed and a new trial ordered. ;