In the Matter of the Application for the Appointment of Commissioners to Determine Compensation to Be Given to Edward E. Youker, Respondent, for Change of Grade.

Village of St. Johnsville, N. Y., Appellant.

[Third Department, July 2, 1926.

Villages — streets — change of grade — proceedings to recover under Village Law, § 159, damages to abutting property arising from changing grade of street — change of grade was alleged in petition — no answer denying any allegations was filed — court had jurisdiction to appoint commissioners — court not required to determine whether grade was changed where answer does not put question in issue — failure to deny change of grade admitted allegation — damages — award not excessive.

In proceedings under section 159 of the Village Law to recover damages arising out of a change of grade in a street in the village of St. Johnsville, in which the petition alleged the necessary jurisdictional facts, including the fact that the grade of the street was changed, the court was not called upon to determine that fact prior to the appointment of commissioners to fix the damages, since no answer was interposed denying any allegations alleged in the petition and, therefore, the allegations of fact so alleged must be taken as true without proof.

The damages awarded to the petitioner were not excessive.

Van Kirk, J., dissents.

Appeal by the Village of St. Johnsville, N. Y., from a final order of the Supreme Court, made at the Montgomery Special Term and entered in the office of the clerk of the county of Montgomery on the 3d day of September, 1925, confirming the report of the commissioners appointed to assess damages in this proceeding, with notice of intention to bring up for review the proceedings antecedent thereto.

*George H. Hall*, for the appellant.

*William J. Crangle*, for the respondent.

HINMAN, J. This is a case of damages for change of grade of a village street, injuriously affecting the abutting premises belonging to the claimant. (Village Law, § 159.) Subdivision 1 of that section provides in part as follows:

" § 159. Changing grade of street or bridge. 1. If a village has exclusive control and jurisdiction of a street or bridge therein, it may change the grade thereof. If such change of grade shall injuriously affect any building or land adjacent thereto, or the use thereof, the change of grade, to the extent of the damage resulting therefrom, shall be deemed the taking of such adjacent property for a public use. A person claiming damages from such change of grade must present to the board of trustees a verified claim therefor within sixty days after such change of grade is effected. The board may agree with such owner upon the amount of damages to be allowed to him, or make to him a verified offer to settle or compromise such claim. If no agreement be made within thirty days after the presentation of the claim, the person presenting it may apply to the Supreme Court for the appointment of three commissioners to determine the compensation to which he is entitled. Notice of the application must be served upon the board of trustees at least ten days before the hearing thereof. All proceedings subsequent to the appointment of the commissioners shall be taken in accordance with the provisions of the Condemnation Law, so far as applicable, except that the commissioners in fixing their award must make an allowance for benefits, if any, derived by the claimant from such improvement.    *    *    * "

The petition alleges the incorporation of the village of St. Johnsville; that it had exclusive control of the streets in question; that claimant, a resident of said village, was the owner of the property in question abutting one of the streets for a distance of about 242 feet and another street for a distance of about 120 feet; " that in or about the month of May, 1924, said village caused a grade to be surveyed on said Monroe and Averill streets, among others, and· thereafter and prior to the month of November, 1924, caused another grade to be surveyed and laid out on said streets, each of which surveys changed the grades theretofore existing and established on said streets, so that the paving of said streets was laid out at a level which was about three or four feet higher ultimately, adjacent to petitioner's said real property, than it was prior to the time said surveys were made; " that between the months of May and November, 1924, the said village contracted for the construction of a concrete pavement and curbs at said level on said streets; that during that time such pavement was constructed pursuant to said contract " in such manner that the grade of such streets was changed

and raised so that the level of said pavement and curbs was materially raised above the grade theretofore existing opposite and adjacent to the said premises of petitioner, to a height of about three or four feet above such former grade; " that said village has not raised the sidewalks on said streets bounding said premises of petitioner to the level of said pavement and curbs; " that by reason of said change of grade the said real property owned by petitioner, consisting of lots, sidewalks, drains, buildings, fixtures and all property connected therewith, which is adjacent and contiguous to said street and the drainage and use of all of said property has been damaged, and the value thereof depreciated in the sum of $2,500; " that within sixty days after said change of grade was effected by said village, petitioner presented to the board of trustees of said village his duly verified claim for compensation for said change of grade in the sum of $2,500; " that more than thirty days have elapsed since said presentation of said claim and no agreement has been made with respect thereto and the same has not, nor has any part thereof been paid or satisfied." Wherefore, the petitioner prayed in his petition for the appointment of three commissioners to determine the compensation to which he was entitled for such change of grade.

Due notice of the application for the appointment of commissioners was given to the board of trustees of the village. The village appeared by attorney. No answer denying any of the allegations alleged in the petition was filed. The court at Special Term thereupon made an order appointing commissioners to ascertain the compensation to which petitioner was entitled. The petition set up sufficient jurisdictional facts to show that the court had jurisdiction of the parties and the subject-matter and had the power to make the order. No issue of fact having been raised by answer, the court was not bound to determine more than the sufficiency of the petition as a presentation of the material facts necessary to entitle petitioner to the appointment of the commissioners. The petition was sufficient for that purpose and presumably and rightfully the court so determined when signing the order of appointment. The order of appointment of commissioners is all the statute expressly requires. (Village Law, § 159.)

The appellant now claims that there was no change of grade within the meaning of the statute, according to evidence produced before the commissioners; that the fact set up in the petition that there had been a change of grade had never been determined by the court for the reason that no findings or judgment to that effect had been made and entered by the court preliminary to the appointment of the commissioners as required by the decisions (citing

*Comesky* v. *Village of Suffern,* 179 N. Y. 393; *Matter of Caffrey,* 52 App. Div. 264; *Matter of Borup,* 89 id. 183); that the court had no jurisdiction to appoint the commissioners without first determining the existence of such jurisdictional fact; and that jurisdiction could not be conferred by failure of the village to raise the issue at the time of the appointment of the commissioners, " for the reason that the jurisdiction is of subject matter, that is, whether or not there was actually a change of grade, and jurisdiction of subject matter is never conferred by failure to take objection, or even by giving consent to such jurisdiction." The appellant has appealed from not only the final order confirming the report of the commissioners but from all proceedings antecedent thereto, including the order appointing the commissioners, as permitted by the statute. (Village Law, § 159; Condemnation Law, § 19, as added by Laws of 1920, chap. 923.)

The appellant has mistaken possible excess of jurisdiction for entire absence of jurisdiction. There is a clear distinction between jurisdiction and the exercise of jurisdiction. Jurisdiction is the authority to decide a cause at all and not the decision rendered therein. Where the court has jurisdiction of the person and the subject-matter, the decision of the case is but the exercise of that jurisdiction and its jurisdiction is not dependent upon the correctness or rightfulness of the decision made. (*People ex rel. Davis* v. *Sturtevant,* 9 N. Y. 263; *Fisher* v. *Hepburn,* 48 id. 41.) " Jurisdiction of the subject matter, is power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case, arising, or which is claimed to have arisen, under that general question. * * * We conclude that jurisdiction of the subject matter is the power lawfully conferred to deal with the general subject involved in the action." (*Hunt* v. *Hunt,* 72 N. Y. 217, 229, 230.)

The power was lawfully conferred upon the court to appoint commissioners to determine damages for a change of grade. There was jurisdiction of the subject-matter as well as of the parties. The petitioner clearly alleges the fact of a material change of grade and all other jurisdictional facts required by section 159 of the Village Law. There was no answer denying any of the facts. " If the parties are satisfied, the court will not concern itself whether these are the actual facts. They may so agree by admissions in pleadings, in which case a party having once admitted facts alleged must abide by his admission, although he much desires to prove the contrary." (*Levy* v. *Delaware, L. & W. R. R. Co.,* 211 App. Div. 503, 505.) " In a special proceeding the moving affidavit, or verified petition if full and complete, is ordinarily a sufficient basis

for an order founded upon it. If its material allegations are not denied by some counter affidavit they stand sufficiently proved for the purposes of the ultimate order. But if these are denied by a counter affidavit, and so an issue of fact is distinctly raised, it is common and in many cases necessary, that such issue should be solved upon a reference, or by the court itself upon the examination of witnesses, and the production of appropriate proofs." (*Matter of New York, L. & W. R. Co.*, 99 N. Y. 12, 16.) If an issue of fact is not raised the petitioner cannot be deemed to have waived the admission " by going, unnecessarily and unwisely, into ·the proofs. Such admissions are conclusive and evidence inconsistent therewith must be disregarded." (*Horan* v. *Hastorf*, 223 N. Y. 490, 494.)

Therefore, the facts set forth in the petition, not being denied by any answer or counter affidavit, stood proved for the purposes of the order appointing the commissioners and of the final order now appealed from; and the petitioner cannot be deemed to have waived the admission of a change of grade by going unnecessarily into the proofs before the commissioners. Most of such proofs were material and necessary to the determination of the extent of the damages, and the question of the amount of damages was the only matter which the commissioners had jurisdiction to decide. Their report was confined to a decision of that question.

We conclude that no error was committed in appointing the commissioners without previous findings and judgment being made and entered by the court, determining that there had been a change of grade. The cases cited by appellant involve an issue raised by a proper denial in an answer to the petition. The mere fact that, under section 19 of the Condemnation Law, the appeal from the final order brings up for review the order appointing the commissioners, does not help the appellant. The issue that there was no change of grade was not raised and is not properly before us.

The appellant raises the further point that the damages awarded are excessive and that some of the evidence introduced by the petitioner was prejudicial. Evidence was introduced by petitioner to show that in or about the year 1905 the village officers had compelled the owners of this and other property abutting on these streets to build a concrete sidewalk upon a grade established by the village engineer. The roadway was left unimproved until 1924, when the grade of it was changed to the grade complained of and when a concrete roadway was constructed, which together with the curb was set above the grade of the petitioner's sidewalk. The elevation was nineteen to twenty-one inches above the sidewalk in front of petitioner's house instead of below it. Petitioner's house was built upon the level of the sidewalk and the change of

grade of the roadway injuriously affected his property. When the village started the improvement of the roadbed in 1924, it graded the street in front of petitioner's premises at first to a level below that of his sidewalk and then for some reason filled it in to the level higher than his sidewalk, of which the petitioner complains. We cannot avoid the conclusion that petitioner has suffered substantial damage by reason of the alleged change of grade and that the amount awarded, namely, $1,500, is not excessive. There is ample proof to sustain it.

The order appealed from should be affirmed, with costs.

All concur, except VAN KIRK, J., who dissents on the ground that it appears without dispute that there is no change of elevation of the center line of the street and, therefore, no change in the grade of the street.

Order affirmed, with costs.