THIRD DEPARTMENT, MARCH, 1938.

(March 9, 1938.)

HAZEL OLIVER, Appellant, v. CLIFFORD OLIVER, Respondent.

McNamee, Crapser, Bliss and Heffernan, JJ., concur; Hill, P. J., dissents, with a memorandum.

HILL, P. J. (dissenting). I dissent and favor reversal. The appearance by the plaintiff with a request for a summons gave the Justice Court of Triangle jurisdiction so far as she was concerned. (*Hewitt* v. *Northrup*, 75 N. Y. 506; *Fisher* v. *Hepburn*, 48 id. 41; *Matter of Youker*, 217 App. Div. 347.) The general appearance by the defendant, the filing of his answer, the request for a jury, the participation in the trial, were all acts which amounted to a waiver by the defendant of the question of jurisdiction of his person. (*Huber* v. *Ehlers*, 76 App. Div. 602; *Belden* v. *Wilkinson*, 44 id. 420.) Section 148 of the Justice Court Act provides that if an objection is not taken either by demurrer or answer the defendant is deemed to have waived it. The words " except the objection to the juris-

diction of the court " used in that section necessarily mean the jurisdiction of the subject-matter of the action, because, if there has been a demurrer or an answer, the defendant has submitted himself to the jurisdiction of the court, and that subdivision of section 132 is eliminated. As the Justice Court had jurisdiction of the subject-matter of this action, to wit, a breach of contract where the damages asked were $126, the complaint should not have been dismissed, and I vote to reverse and to grant a new trial before the justice of the peace of the town of Triangle.