In the Matter of the Application of CATHERINE DURKIN, Petitioner, for an Order against THOMAS C. WOODS, as Commissioner of Public Safety of the City of Rochester, New York, Respondent.

Supreme Court, Monroe County, August 20, 1941.

*Abbott, Rippey & Hutchens*, for the petitioner.

*William H. Emerson, Corporation Counsel*, for the respondent.

GILBERT, J.  This proceeding is brought by the petitioner under article 78 of the Civil Practice Act to review an order made by the respondent denying the petitioner a pension as the widow of a deceased policeman with a service record exceeding twenty years.

Authority in the respondent to grant such a pension is contained in subdivision 3 of section 354 of the Municipal Code of the City of Rochester, volume I (Laws of 1907, chap. 755, § 335, subd. 3, as amd. by Rochester Local Laws of 1927, No. 1), which provides

that respondent " has power in his discretion " to grant a pension. The petition alleges the service of the deceased officer; the length of service; his death; and that petitioner is his widow as the result of a common-law marriage; that petitioner in or about the month of November, 1940, applied to the respondent for a pension as the widow of Patrick Durkin, the deceased police officer, in accordance with the provisions of the Charter of the City of Rochester, and presented therewith to the respondent various " affidavits, correspondence, account books, and photographs in support of her application and she demands that the aforesaid documents be produced upon this application and makes the same a part hereof by reference;" that on the 7th day of March, 1941, the respondent refused to grant a pension, such refusal being in the form of a communication over the signature of the respondent which is attached to and made a part of the petition and which reads as follows:

" *March* 7, 1941

" HAROLD G. HUTCHENS, Esq.,
   615 Powers Building,
   Rochester, New York
   " DEAR SIR: This is to notify you that I do this day refuse to grant a pension, as requested on October 9, 1940, to your client, as the widow of Patrick J. Durkin, former member of the Police Bureau, who died on February 18, 1940.
   " I am not convinced that Patrick J. Durkin left a widow.

" Yours very truly,
(Sgd.) " THOMAS C. WOODS,
" *Commissioner of Public Safety.*"

On the return day of the motion the parties appeared in Special Term and a brief oral argument was had but there appears to have been no answer to the petition filed by the respondent. In this respect the proceeding now before the court is similar to the situation existing in *Matter of Schwab* v. *McElligott* (282 N. Y. 182) In other words, the allegations of the petition are deemed uncontroverted. There can be no question but that the power given by the Municipal Code of Rochester to the respondent to act under subdivision 3 of section 354 is a discretionary power and that the petitioner herein has no absolute right to the pension she seeks. (*Matter of Sheridan* v. *McElligott*, 278 N. Y. 59.)

Also, as stated in the decision of Judge LEWIS, writing for the court in *Matter of Schwab* v. *McElligott* (*supra*), " In the absence of a clear expression by the Legislature to the contrary, the courts may review the exercise of a discretionary power vested in an

administrative officer or body to determine whether the case discloses circumstances which ' leave no possible scope for the reasonable exercise of discretion in such manner,' " citing authorities.

It, therefore, follows that in view of the failure of the respondent to serve an answer to the petition this court must look to the petition, including all matters made a part thereof by reference, to ascertain whether circumstances are disclosed which leave a possible scope for the reasonable exercise of discretion in the matter. The statements of fact contained in respondent's introductory statement in his brief of matters ascertained by the respondent in his investigation of the case may not be considered. These are mere statements made off the record and are not even supported by a production of the documents therein referred to.

This proceeding has been instituted by the petitioner, claiming as the widow by a common-law marriage alleged to have been consummated at a time when such a marriage was recognized by the law of this State. If the requirements of a common-law marriage were set out in the statute or the facts necessary to be established in each case to constitute such a marriage were standardized or definitely fixed by rule or statute and were contained in the petition now before the court, in view of the decision in *Matter of Schwab* v. *McElligott (supra)* this court would be bound to refer this matter back to the respondent for a decision on his part or to require respondent to file an answer to the petition. However, the foregoing is not the case. The existence of a common-law marriage is a status to be determined in each particular case from the facts and circumstances existing in that case, so that when the petitioner herein made her claim to respondent supported by her evidence as to facts and circumstances alleged by her to constitute a common-law marriage, it was the duty of the respondent, and in fact it was necessary for the respondent in passing upon the claim, to consider the evidence offered by the petitioner in support thereof. This evidence is incorporated in the petition by reference and is before this court to consider in this proceeding on the question of abuse of discretion or arbitrary and capricious action by the respondent. This evidence furnished by the petitioner and made a part of the petition includes the decision of the respondent refusing to grant the claim, so that the court now has before it as part of petitioner's case in spite of the fact that no answer was served, not only the evidence offered by the petitioner in support of her claim, but the decision of the respondent rejecting the claim. In other words, the petitioner's moving papers show not only the basis of the claim made, but the evidence offered in support thereof and the exercise by the respondent of the dis-

cretionary power granted him by the Municipal Code of the City of Rochester.

A review of the evidence offered by petitioner discloses that the decision of the respondent made thereon, and which refuses the pension asked for, was not a clear abuse of discretion nor an arbitrary or capricious decision. Authority for this decision is found in *Matter of Sheridan* v. *McElligott* and *Matter of Schwab* v. *McElligott* (*supra*) and by many other cases unnecessary to cite.

An order may be entered dismissing the petition herein.