Henry J. Latham, J.
The plaintiffs were arrested and charged with the crime of riot and conspiracy to riot. They were arraigned in the Adolescent Court of the City Magistrates’ Court of the City of New York, County of Queens, on May 11, 1961, and the matter was adjourned until May 24,1961.
On May 19, 1961, counsel for one of the plaintiffs received by mail a notification from the District Attorney’s office of the County of Queens, advising him that his client would receive an opportunity to appear before the Grand Jury with respect to the matters now pending in the Adolescent Court. Thereupon this action was instituted to restrain the District Attorney and the foreman and the members of the Grand Jury of the County of Queens, now in session, from presenting the matter to the Grand Jury until the plaintiffs have received and are accorded a hearing in the Adolescent Court. At the same time the plaintiffs move for a temporary injunction for identical relief.
The age of the plaintiffs does not appear in the petition, but it is obvious that they are not young enough to be adjudged juvenile delinquents.
The plaintiffs have not pointed to any statute or decision of any court which mandates a hearing in the Adolescent Court prior to deliberation by a Grand Jury. In People ex rel. Hirschberg v. Close (1 N Y 2d 258, 261), the Court of Appeals said: “ the Grand Jury had power to investigate and indict regardless of what had occurred before the magistrate and regardless of whether the magistrate had held or discharged the prisoner or still had the matter pending, or of whether there had ever been such a preliminary hearing ”.
In People v. Edwards (19 Misc 2d 412, 414) Judge Dickens of the Court of General Sessions of the County of New York stated, by the citation of numerous authorities, that a Grand Jury is at no time divested of its statutory prerogative to investigate, even on its own initiative, all offenses, whether they be felonies or misdemeanors, and whether a preliminary hearing had been held before a Magistrate and that it lies “ within the province of the District Attorney to chart the course of a prosecution. He could decide on having a preliminary examination conducted *457 by a Magistrate or on having the facts presented directly to a Grand Jury.”
In light of the foregoing the plaintiffs have not made out a case for the drastic remedy they seek. Their motion is accordingly denied. .