Lawrence H. Cooke, J.
Josephine Johnson has been indicted for violating subdivision 1 of section 1751 of the Penal Law, a felony, and said criminal matter is now pending in the County Court of Sullivan County. The petitioner, her attorney, brings this article 78 proceeding for an order in the nature of mandamus to require respondents, the District Attorney and a Justice of *107 the Peace before whom she was brought, to conduct an examination pursuant to section 190 of the Code of Criminal Procedure and to restrain the District Attorney from moving said indictment for trial prior to such examination.
It is alleged in the petition that the docket of the said Justice reveals that said defendant was brought before him on August 8, 1962, that the arraignment was adjourned two days “for the purpose of counsel” and that the defendant never appeared thereafter before the Justice, defendant having been indicted on September 10,1962. No answer having been filed by respondents, the allegations of fact in the petition are deemed uncontroverted (Matter of Schwab v. McElligott, 282 N. Y. 182, 185-186; Matter of Durkin v. Woods, 176 Misc. 1037; Matter of Sitts v. Mealey, 173 Misc. 82; 22 Carmody-Wait, New York Practice, p. 472).
“ Under section 6 of article I of the New York State Constitution and sections 252 and 259 of the Code of Criminal Procedure, the Grand Jury had power to investigate and indict regardless of what had occurred before the magistrate and regardless of whether the magistrate had held or discharged the prisoner or still had the matter pending, or of whether there had ever been such a preliminary hearing ” (People ex rel. Hirschberg v. Close, 1 N Y 2d 258, 261). If an indictment is found, every inferior tribunal is immediately ousted of jurisdiction (People v. Edwards, 19 Misc 2d 412; People v. Steiger, 154 Misc. 538; People v. Molineux, 26 Misc. 589, 590; People v. Molineux, 14 N. Y. Cr. Rep. 136; Housel & Walser, How To Defend A Criminal Case, p. 19; cf. People v. Elfe, 34 Misc 2d 206, 208). In Pope v. O’Connor (29 Misc 2d 455) an application for a temporary injunction to restrain the District Attorney and the members of a Grand Jury from presenting a matter to the Grand Jury until plaintiffs were accorded a hearing in Adolescent Court was denied.
It is stated that relief in the nature of mandamus is sought and to entitle applicant to same the^e must be a showing of a clear legal right thereto (Matter of Mulry v. Beckmann, 272 App. Div. 780). The absence of such a clear legal right is obvious alone from the lack of jurisdiction in the respondent Justice of the Peace who was ousted of same when the indictment was found. Petition dismissed.