Reid S. Moule, J.
This is a proceeding brought under article 78 of the Civil Practice Law and Rules in which the petitioner seeks an order of this court declaring a tax sale held by Frank A. Gawronski, as Commissioner of Finance of Erie County, on November 27,1963 to be null and void and directing a resale.
The petition alleges that Frank A. Gawronski, as Commissioner of Finance, did advertise a tax sale for November 27, 1963, setting forth in the notice that the sale would be held pursuant to the power vested in him by article 7 of chapter 812 of Laws of 1942, as amended; that the said advertisement of the Commissioner of Finance further stated that “pursuant to Section 7-7.0 of the Erie County Tax Act and in pursuance of the terms of a resolution of the Board of Supervisors adopted on September 17,1963, I- shall purchase for the County of Erie all of the parcels of real property upon which taxes are unpaid.”
It further alleged that on November 27, 1963 at the time and the place mentioned, the sale was conducted and that both before and after the bid of Erie County was made, the petitioner objected to the sale on the grounds that (1) the sale as adver *371 tised was not a public sale in that it excluded all bidders other than the County of Brie; (2) the sale as conducted did not provide a lesser interest or portion of the property bidding; (3) the sale was in bulk and not by individual items, and (4) a general objection that both the notice of sale and the method of selling did not conform to the law of this State. Petitioner at the sale submitted a list of the properties on which it bid the full amount of the taxes owing for a nine-tenths interest in the property.
The petition also alleges that the Commissioner bid for and received all of the parcels of real property upon which taxes were unpaid for the amounts owing respectively on said parcels. The sale involved 6,738 parcels in the Cities of Buffalo, Lackawanna and Tonawanda and in the 25 towns of Erie County. The total amount of the sale was $862,652.03.
This proceeding was instituted by service of an order to show cause and petition and since no answer has been served the factual allegations contained in the petition are deemed true. (Matter of Durkin v. Woods, 176 Misc. 1037; Matter of Sitts v. Mealey, 173 Misc. 82.)
The respondent contends that the sale was in all respects proper under the Erie County Tax Act of 1942, as amended. This act governs tax sales in Erie County except where no provision on the subject is made, in which instance section 14-8.0 of the act controls; however, we need not concern ourselves here with that exception. The respondent further contends that since petitioner is not the owner of any property affected by the sale, it has no standing under the provisions of section 7-11.0 of the Erie County Tax Act, to maintain this proceeding.
First, let us consider petitioner’s claim that the sale was illegal in that it did not provide for bidding for less than a full interest in the property. The petitioner claims that its bid to pay the full amount owing for a nine-tenth interest in the property was a better bid than that of the county’s to pay the full amount owing for 100% interest in the property. In support of this contention it cites Matter of Countywide Realty Co. v. Bruen (18 A D 2d 259); Golden Rod Motor Serv. v. Bruen (230 N. Y. S. 2d 441); Municipal Lien Corp. v. Baird (Supreme Ct., Oneida County, May 28, 1963, Ringrose, J.); 1947 Atty. G-en 301; and 17 Op. St. Comp., 1961, p. 58. These cases and opinions involved section 1008 of the Real Property Tax Law. Subdivision 3 of section 1008 provides: “ The board of supervisors of any county may by resolution authorize and direct the county treasurer to bid in lands at the tax sale for the gross amount due thereon. ’ ’
*372 These authorities hold that this section gives the county a preference in that it allows the county to make the first bid which takes preference over any other bid except one for a lesser interest. They further hold that section 1006 of the Eeal Property Tax Law which provides “ so much of each parcel shall be sold as will be sufficient to pay the amount due thereon ” authorizes bidding for less than a full interest in the property and therefore the bid of the county may be bettered by a bid of the same amount of money for less than a 100% interest in the property.
These authorities do not apply to a sale under the Erie County Tax Act because the comparable provisions of the two acts are different.
•Section 7-6.0 of the Erie County Tax Act provides: “ each parcel shall be sold for a sum sufficient to pay all the taxes, fees, penalties, interest and charges which may be due thereon ’ ’.
Section 7-7.0 of the Erie County Tax Act provides: “The county of Erie may become a purchaser at any such sale and the offer of the county to purchase any parcel of land shall be preferred over all other offers made for the same.”
Section 7-6.0 by saying “ each parcel ” rather than “ so much of each parcel ” clearly shows that bidding for less than a full interest in the property is not authorized. Since a bid cannot be made for more than the full amount owing (17 Op. St. Comp., 1961, p. 58, supra), the only bid that can be made is one for the full amount owing for a 100% interest in the property and under section 7-7.0 if the county makes such a bid it is to be preferred over all other bids.
Next, let us consider petitioner’s claim that the sale was illegal on the grounds it was in bulk and not by individual items. The difference between a bulk sale and one by individual items is that in a bulk sale a bidder must make a bulk bid for the entire delinquent tax roll rather than bid separately on each piece of property. This sale was advertised as a sale by individual items and not as a bulk sale. Were it not for the decision of the county to bid for all of the parcels, individual parcels could have been sold. The bid of the county made by Mr. Gawronski as shown by the petition was: “Pursuant to Section 7-7.0 of the Erie County Tax Act and in pursuance to the terms of a resolution of the Board of Supervisors adopted on September 17, 1963, I hereby bid for and offer to purchase for the County of Erie' all of the parcels of real property upon which taxes are unpaid, for the amounts respectively set forth in notice of sale.”
*373 Since there were thousands of parcels on which taxes were owing and since the county intended to purchase each parcel, it would have been a useless waste of time to read each parcel and the amount owed on it.
Further, section 7-4.0 of the Erie County Tax Act provides that: “ The county treasurer may prescribe reasonable rules and regulations to expedite and govern the conduct of such sale and such rules and regulations shall be set forth in said pamphlet and shall be binding upon all persons attending such sale.”
Pursuant to this section a pamphlet was printed and available setting forth all the required information.
The petitioner next claims that the sale was not a public sale in that only the county was able to bid on the property. However, it appears from section 7-7.0 of the Erie County Tax Act that the Legislature intended that members of the public could only bid if the county did not make a bid. There is no constitutional guarantee that property liable to liens for delinquent taxes must be disposed of at public sale (Griffin v. City of Syracuse, 179 Misc. 250, affd. 266 App. Div. 1055, opp. dsmd. 292 N. Y. 639; City of Syracuse v. Murray, 179 Misc. 244). Apparently, the Erie County special act was enacted to prevent persons such as the petitioner from accomplishing just what it seeks now to do by giving the county a preference over such persons in the bidding.
Finally, petitioner’s claim that the notice of sale and the method of selling were illegal is without merit since as shown in the foregoing discussion the notice of sale and the method of selling were in accordance with the Erie County Tax Act.
In any event, the respondent County of Erie contends since petitioner was not an owner of property affected by the sale that it has no standing in this court under section 7-11.0 of the Erie County Tax Act which provides as follows: “No tax sale of any property shall be enjoined or restrained by any court, judge or justice thereof; nor shall the sale of any real property be set aside, annulled or vacated except upon a proceeding brought therefor by the owner of such real property within three months from the date of such sale, and then only as to such specific real property owned by him and affected by such suit or proceeding.”
Petitioner claims that this section seeking to deprive the courts of jurisdiction and limiting rights under the act to owners is unconstitutional. While it may be unconstitutional so far as seeking to deprive the courts of jurisdiction is concerned, I see nothing unconstitutional in limiting any rights under the act *374 to the owners of the property affected (Griffin v. City of Syracuse, supra-, City of Syracuse v. Murray, supra). Even so, if part of the act is unconstitutional, the balance of it is not affected by that partial invalidity (Erie County Tax Act, § 14-6.0; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 150).
The relief sought herein is denied and the petition dismissed.