Henry A. Hudson, J.
'This is a proceeding under article 78 of the CPLR for an order prohibiting, enjoining and restraining the County Court of the County of Onondaga and Francis R. Moran, District Attorney of Onondaga County from taking any further steps in connection with Indictment No. 65/10 of the year 1965, now pending in the County Court of Onondaga County and for such other and further relief as to the court may seem just and proper.
The petitioner avers the following facts. He was arrested on December 23, 1964 by the -Syracuse City Police and charged with the crime of assault first degree. On December 24, 1964, he appeared in City Court of the City of Syracuse and the court assigned Louis Ravera as his attorney. He again appeared in City Court on January '5, 1965 at which time he was arraigned on the charge of assault first degree and entered a plea of not *526 guilty. He demanded a preliminary examination upon said charge. The matter was again adjourned to the l'5th of January, 1965 for said examination at which time petitioner again appeared and the Assistant District Attorney assigned to the case was not prepared to proceed with the examination. He avers the examination was continuously adjourned thereafter at the request of the District Attorney and said examination at the time of this proceeding is still pending.
The District Attorney’s affidavit asserts that the Police Court Record .shows that the defendant was arraigned on January 5, 1965 and appeared with his assigned counsel, Louis Ravera, and asked for a preliminary examination. That on January 16, 1965, the defendant announced he was ready but stated on the record that he was willing to take an adjournment and moved for a psychiatric examination of the defendant by Dr. Abraham ITalpern. The matter was held until February 3, 1965 when, as a result of the indictment for murder, the assault charge was dismissed.
Elmer Hill, the person who was struck by a bullet discharged from a firearm alleged to have been fired by petitioner, died on January 31, 1965. On or about February 18, 1965, while petitioner’s examination in City Court was still pending, the Crand Jury returned an indictment for murder and manslaughter, both in the first degree. As a result petitioner’s present counsel, Alexander J. Heresa, was assigned as his counsel on the murder charge and substituted as counsel in the assault case in place of the original assigned counsel. From the argument, it appeared that as a result of the indictment, the District Attorney moved the assault charge be dismissed, such motion being granted without objection on the part of defense counsel.
It appears and is not denied that defendant since his arrest has been defended by competent counsel at every stage of the proceedings. His present counsel in his memorandum, states his purpose as twofold. First, to demonstrate that the course of action of the District Attorney amounted to an abuse of discretion ; a failure to perform his duty; and a deliberate attempt through a series of adjournments to deny to the defendant a preliminary examination until he was able to obtain an indictment. iSecond, to establish that the denial of an examination violates such fundamental, constitutional and statutory rights that it requires the court to enjoin and restrain any further proceedings in connection with this indictment until such examination is had, or in the alternative to dismiss the indictment.
*527 The purpose of the preliminary examination is to enable the Magistrate to reach a conclusion whether there is or is not probable cause for charging the prisoner with the crime.
The provisions of the Constitution, the Criminal Code and the cited cases indicate that the defendant was entitled to the preliminary examination on the assault charge, prior to its dismissal, even though, while the examination was pending, an indictment might have been brought in on the assault charge. (Matter of Gessner 53 How. Prac. 515; People v. Drury, 2 Edm. Sel. Cas. 351.)
In the instant case upon the death of the person who was assaulted, the Grand Jury indicted the petitioner for murder and manslaughter in the first degree, crimes other than the one with which the defendant was charged in City Court. The court finds no authority and none has been cited for granting an examination under such a circumstance. The reason for this is set forth in People v. Drury (supra, p. 354):
“ It is true, as was suggested on the argument, that a person may be indicted in the first instance without any preliminary arrest, and thus by the action of the grand jury suffer the same consequences.
“ The answer to this is palpable, and that is, that the statute has provided this protection, and established these safeguards, only in case of a preliminary arrest, and has not provided them in case that an indictment be the first step, trusting, doubtless, the character and liberty of the citizen to the good sense and sound discrimination of the grand inquest of the country, as a substitute for the examination required in other cases. In other words, the legislature have not deemed it necessary to throw around the action of the Grand Jury the same safeguards which it has been so careful to establish around the action of the police justices.”
(Pope v. O’Connor, 29 Misc 2d 455; Matter of Oppenheim v. Williams, 40 Misc 2d 106.)
However, once the charge of assault before the Magistrate was dismissed, he was ousted from further jurisdiction and the right to an examination no longer existed. I am satisfied that there is no authority or justification for granting the relief requested and the same is denied, without costs.
This court seriosuly doubts that it has jurisdiction to hear an article 78 proceeding in this matter. Should the petitioner have felt that his rights had been prejudiced by the dismissal, he should have opposed it and appealed therefrom upon its being granted.