■ RUBIN & ROTHMAN, Appellant, v BERNARD McNELIS et al., Respondents.—In a proceeding pursuant to Judiciary Law § 475 (1) to vacate a satisfaction of judgment dated June 22, 1981, and (2) to direct the Sheriff of Nassau County to enforce a judgment to the extent of the petitioner's charging lien, the appeal is from a judgment of the Supreme Court, Nassau County (Kutner, J.), dated August 1, 1986, which dismissed the petition.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate amended judgment.

The instant petition and supporting affidavit demonstrate prima facie that (1) the petitioner law firm had a charging lien, in the amount of $2,216.66, on funds received by the corporate respondent from the individual respondent, in satisfaction of a judgment which had been entered in favor of the corporate respondent and against the individual respondent and (2) the corporate respondent was insolvent. These allegations, if proven, would warrant the granting of the relief

requested in the petition, i.e., the granting of an order vacating the satisfaction of the judgment and directing the Sheriff of Nassau County to enforce the judgment to the extent of petitioner's charging lien (Judiciary Law § 475; *Peri v New York Cent. & Hudson Riv. R. R. Co.,* 152 NY 521; *see also, Fischer-Hansen v Brooklyn Hgts. R. R. Co.,* 173 NY 492; *Oishei v Pennsylvania R. R. Co.,* 117 App Div 110; *Sargent v McLeod,* 209 NY 360). Both the respondents defaulted in answering.

The Supreme Court, Nassau County, recognized that the allegations of the petition and supporting affidavit would "[i]n a proper case" warrant the granting of the relief requested in the petition. Nevertheless, it dismissed the petition solely on the ground that the proof submitted by the petitioner to establish the corporate respondent's insolvency, was "insufficient". The proof submitted by petitioner concerning the allegations of the corporate respondent's insolvency, was an affidavit by an employee of the petitioner dated April 2, 1986. In this affidavit, the employee averred that the president of the corporate respondent advised him, pursuant to a telephone call on April 11, 1985, that the corporate respondent "has been out of business for several years and has no assets". Whether the Supreme Court was correct in holding that this affidavit was insufficient proof of the corporate respondent's insolvency is a question we need not address *(see generally, Loschiavo v Port Auth.,* 86 AD2d 624, *affd* 58 NY2d 1040), since the allegation of insolvency was deemed admitted by the individual respondent McNelis by virtue of his failure to answer the petition, after being personally served with the same *(see, McClelland v Climax Hosiery Mills,* 252 NY 347, 351; *Matter of Youker,* 217 App Div 347, 350-351; *Matter of Municipal Lien Corp. v Gawronski,* 42 Misc 2d 369, 371, *affd* 23 AD2d 968).

Finally, the Supreme Court was of the view that the corporate respondent had not been served with the "notice of petition and other papers". It is true that the corporate respondent is a necessary party to this proceeding *(see, Oishei v Pennsylvania R. R. Co.,* 117 App Div 110, 113, *supra; Oishei v Pennsylvania R. R. Co.,* 101 App Div 473, 474-475). However, the record indicates that service of process was made upon the Secretary of State, as agent of the corporate respondent, pursuant to Business Corporation Law § 306. In any event, the individual respondent, who was personally served with process, never moved to dismiss based on the nonjoinder of a necessary party, and under those circumstances the court was

not precluded from granting the relief requested *(Peri v New York City & Hudson Riv. R. R. Co., supra).*

Accordingly, the judgment appealed from must be reversed, and the petition granted. Mangano, J. P., Eiber, Kunzeman and Harwood, JJ., concur.