■ JAMES MUNAFO, SR., Appellant, v POWER AUTHORITY OF THE STATE OF NEW YORK, Respondent, et al., Defendants.— Mahoney, P. J. Appeal from an order of the Supreme Court (Viscardi, J.), entered May 5, 1986 in St. Lawrence County, which denied plaintiff's motion to strike the answer of defendant Power Authority of the State of New York.

On October 13, 1977, plaintiff, a member and former officer of UPSET, Inc., a not-for-profit corporation dedicated to, *inter alia,* opposition to the construction of a planned electric power line, engaged in conduct on his own property that prevented defendant Power Authority of the State of New York (PASNY) from exercising its easement rights in constructing a portion of the power line on plaintiff's property. Plaintiff was arrested by defendants William D. Popple and Gary Jarvis, Deputy Sheriffs for St. Lawrence County, and charged with trespass and disorderly conduct. Plaintiff was convicted of the charged crimes in the Town Court of the Town of Russell and the convictions were affirmed by St. Lawrence County Court. The Court of Appeals reversed the convictions on the ground that plaintiff retained a possessory interest in the land and could not be guilty of a criminal trespass and, further, that disorderly conduct had not been proven beyond a reasonable doubt *(People v Munafo,* 50 NY2d 326).

Thereafter, plaintiff filed suit in Supreme Court against PASNY, Popple and Jarvis seeking damages for false arrest, detention and imprisonment, malicious prosecution and deprivation of his civil rights. Pursuant to plaintiff's motion, Supreme Court ordered defendants to produce numerous documents and copies of correspondence to the St. Lawrence County District Attorney and Sheriff. Further, PASNY was ordered to produce "documents in connection with plaintiff's association with UPSET". An examination before trial was

conducted and all requested information was mailed to plaintiff except information concerning plaintiff's relationship with UPSET. With respect to such matter, PASNY's attorney wrote a letter dated August 7, 1984 to plaintiff's lawyer stating that his client was unable to locate any documents reflecting plaintiff's association with UPSET. PASNY's attorney also stated, "I fail to see where the activities of UPSET, Inc. or plaintiff's association with that organization, are in any way material or relevant to the issues raised in this pleading". Plaintiff moved to strike PASNY's answer for failure to disclose (CPLR 3126 [3]). Supreme Court denied the motion and this appeal by plaintiff ensued. We affirm.

The issue of what documents are subject to disclosure is not before us. Supreme Court ordered PASNY to disclose documents reflecting plaintiff's association with UPSET. PASNY avers that it has complied. Plaintiff offers nothing to suggest that this is not true other than the gratuitous observation by PASNY's attorney in his August 7, 1984 letter regarding the relevance of the documents in question. Plaintiff has failed to demonstrate that PASNY willfully failed to comply with the disclosure order. We note, as did Supreme Court, defendant's continuing obligation to produce documents which may be found which fall within the scope of the disclosure order.

PASNY's contention that plaintiff's appeal is frivolous and that costs and sanctions should be imposed is rejected.

Order affirmed, without costs. Mahoney, P. J., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.