■ CAROL FORMAN et al., Respondents, v JAMESWAY CORPORATION, Appellant.—Weiss, J. Appeal from an order of the Supreme Court (Connor, J.), entered October 16, 1990 in Greene County, which granted plaintiffs' motion to strike the answer.

Plaintiff Carol Forman commenced this action to recover damages for personal injuries sustained when she allegedly slipped and fell on a bottle of Yardley cologne that had fallen off a shelf and spilled on the floor in defendant's store. Her husband seeks recovery in a derivative cause of action. Following an examination before trial (hereinafter EBT) of Craig Bernhart, defendant's assistant store manager, plaintiffs served "combined discovery demands" seeking production of certain documents and materials mentioned by Bernhart in his EBT testimony. Despite letters and telephone calls from plaintiffs' counsel, defendant's attorneys failed to produce the items demanded. Plaintiffs obtained a court order on February 20, 1990 granting conditional preclusion against defendant upon failure to comply within 60 days. On July 13, 1990, plaintiffs moved for a court order striking defendant's answer together with a monetary sanction for failure to comply with the February 20, 1990 order. On October 4, 1990, Supreme Court granted plaintiffs' motion. This appeal is from the order that struck the answer and imposed a sanction of $500.

Because we believe that the sanction of striking defendant's answer is inappropriate under the circumstances and constitutes an abuse of discretion, we reverse the order. It is helpful to analyze the six items set forth in demand No. 7 that were not produced and defendant's explanations in order to have a clear picture of the situation. The items that could not be produced were those referred to in the Bernhart EBT. Defendant had produced all of the remaining items demanded by plaintiffs, apparently to plaintiffs' satisfaction.

The items not produced were (1) an accident prevention manual in existence prior to the accident, (2) a safe shelf-stocking policy read by Bernhart during his orientation and training, (3) a representative sample of Yardley cologne including the box in which it was packaged, (4) the business record showing the removal of the broken bottle of cologne from the store inventory, (5) a procedure manual containing

instructions and suggestions concerning displays in relation to sales, and (6) records concerning promotion of Yardley products. All documents sought were those supposedly in effect on June 21, 1987, the date of the accident.

Bernhart testified that item No. 2 was actually part of item No. 1, which he was uncertain still existed on the date of the accident. He described item Nos. 4 and 6 as records of a type usually destroyed after the annual inventory which here had occurred more than a month prior to the EBT. It was uncertain whether item No. 5 existed in the first instance and plaintiffs' counsel stated that he was "not looking [f]or a huge waste-of-time search". In item No. 3, plaintiffs sought a representative sample of the cologne which had only been identified by approximate box size.

Shortly after his EBT, Bernhart left his job with defendant and his departure made the production of the items to which he had referred much more difficult. In June 1990, defense counsel personally obtained three manuals and gave them to plaintiffs' attorney. Defendant permitted plaintiffs' counsel to review the manuals that it thought included the one desired, but plaintiffs were apparently dissatisfied. It was only thereafter that defendant ultimately stated that it was unable to fully comply because all of the items specified could not be located. It is axiomatic that a party cannot be sanctioned for failure to produce that which is not there to be produced (Munafo v Power Auth., 133 AD2d 909, 910), which defendant avers is the situation here.

The drastic sanction of unconditionally striking an answer pursuant to CPLR 3126 for failure to comply with court-ordered discovery should not be invoked unless the resisting party's default is clearly shown to be deliberate and contumacious (Read v Dickson, 150 AD2d 543, 544; see, Linwood Roofing & Contr. Co. v Olit Assocs., 123 AD2d 840). In order to prevail, plaintiffs bore the initial burden of coming forward with a clear-cut showing of willfulness (see, Rosner v Blue Channel Corp., 131 AD2d 654). It then became incumbent upon defendant to offer a reasonable excuse for the failure to produce the documents demanded (see, Scharlack v Richmond Mem. Hosp., 127 AD2d 580, 581).

We find that the record does not support the requisite finding to justify the order striking defendant's answer. While plaintiffs claim outrage, there has been no showing that defendant was guilty of a deliberately evasive, misleading and uncooperative course of conduct or a determined strategy of delay that would be deserving of the most vehement condem-

nation *(see, e.g., Brandi v Chan,* 151 AD2d 853, 854, *appeal dismissed* 75 NY2d 789; *Sawh v Bridges,* 120 AD2d 74, 79, *appeal dismissed* 69 NY2d 852). To the contrary, the fact that defendant cooperated with all other aspects of discovery is certainly not indicative of the extreme conduct required before imposition of the ultimate penalty of striking the answer *(see, Dauria v City of New York,* 127 AD2d 459, 460).

Casey, J. P., Mikoll, Crew III and Harvey, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and motion denied.