(August 25, 1994)

■ In the Matter of PAUL BEAUREGARD, Appellant, v MA-CHELLE MILLWOOD-BEAUREGARD, Respondent. [615 NYS2d 938] — Casey, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered March 2, 1993, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of custody.

We conclude that the ultimate sanction of dismissal is an inappropriate penalty to impose upon petitioner for his counsel's delay of approximately 30 days in responding to respondent's interrogatories and a demand to produce *(see, Zletz v Wetanson,* 67 NY2d 711, 713-714). "In the absence of conduct 'so blatantly contumacious as to require the ultimate penalty' * * * the drastic sanction of dismissal is not warranted"

*(Farrell v New York State Elec. & Gas Corp.,* 120 AD2d 778, 779, quoting *Spancrete Northeast v Travelers Indem. Co.,* 99 AD2d 623, 624). Without a showing "of a deliberately evasive, misleading and uncooperative course of conduct or a determined strategy of delay that would be deserving of the most vehement condemnation", the record will not support an order of dismissal *(Forman v Jamesway Corp.,* 175 AD2d 514, 515), particularly in a child custody matter where the child's best interest is at stake.

It is our view that although counsel's failure to respond until after respondent had moved to dismiss is inexcusable, the delay was relatively brief and there is nothing in the record to suggest the type of evasive, misleading and uncooperative course of conduct or strategy of delay that would justify the drastic penalty of dismissal, particularly where, as here, the delay is attributable to petitioner's counsel rather than to petitioner *(see, Lowitt v Korelitz,* 152 AD2d 506, 507-508). We conclude that a monetary penalty in the amount of $500, imposed on petitioner's counsel personally, is appropriate in the circumstances *(see, Wolfson v Calamel,* 162 AD2d 959; *see also, Farrell v New York State Elec. & Gas Corp., supra).*

Family Court also erred in concluding that petitioner had admitted the allegations of the document entitled an answer and amended counterpetition. Assuming that it is proper to include an amendment to a prior pleading in an answer to a different pleading, the amended pleading contained nothing material and relevant that had not already been pleaded in the original pleading, which petitioner answered. The order should be reversed and the matter remitted to Family Court for a resolution on the merits.

Cardona, P. J., Mercure and Yesawich Jr., JJ., concur.

Peters, J. (dissenting). I respectfully dissent. With scores of litigants desperate for trial time in the Family Courts of our State, assertive calendar control by the trial bench is precisely the type of corrective action needed. When a trial date is imminent and oral reminders regarding outstanding discovery requests are provided to counsel, a dismissal of the action based upon a finding by Family Court of a willful failure to respond to interrogatories and demands to produce should be upheld.

Here, custody/visitation petitions were filed in September and October 1992. A conference before Family Court was held on November 30, 1992 where compliance with discovery was

set for January 15, 1993 and a date certain for trial was scheduled for February 18, 1993. Respondent's counsel served interrogatories and a demand to produce upon counsel for petitioner by first class mail on December 24, 1992. Counsel for petitioner never objected to the form or content of such demands and neither moved for a protective order nor responded prior to the eve of trial. Counsel was reminded of his failure to respond by letter dated January 15, 1993 from respondent's counsel. When petitioner's counsel failed to respond to such letter, counsel for respondent again communicated with him on February 9, 1993 by telephone. Although respondent's counsel was promised responses within several days, none were forthcoming. A second telephone call was made by respondent's counsel on February 12, 1993 and again she was advised that responses would be forthcoming. Such responses were not received until the eve of trial in the late afternoon.

By motion dated February 16, 1993, counsel for respondent requested an order pursuant to CPLR 3126. Counsel also requested that Family Court declare petitioner in default for failure to serve an answer to the amended counterpetition. All issues were heard by the court on February 18, 1993, the date of trial, after which Family Court granted the relief requested by respondent.

It is well settled that "[e]ach party is entitled to expect the other to observe time requirements during the course of litigation, and both are equally subject to prejudice from failure to observe such requirements" (*Eaton v Equitable Life Assur. Socy.*, 56 NY2d 900, 903). A determination as to whether the failure to abide by a discovery schedule is excusable is one quite appropriately left to the discretion of the trial court (*see, Zletz v Wetanson*, 67 NY2d 711; *Walk & Smile v 2491 Atl. Ave. Corp.*, 150 AD2d 366). Petitioner contends both here and at the trial level that his failure to respond was due to a lost file or more appropriately termed "law office failure". Respondent contends, through her attorney's affirmation, that such excuse was never raised prior to the institution of court proceedings and that had she been advised of the lost file, she would have provided copies of the interrogatories and demands to petitioner so that he could provide a timely response.

It is now well settled that courts have been granted considerable discretion to consider law office failure as one of several factors to be reviewed in determining whether relief can be afforded to a defaulting party (CPLR 2005; *see, Fiore v Galang,*

105 AD2d 970, *affd* 64 NY2d 999; *County of Nassau v Cedric Constr. Corp.,* 100 AD2d 890). Yet, "the Court of Appeals has held that the defaulting party is still required to supply not only a reasonable excuse for the delay, but also an affidavit of merits from a person competent to attest to the meritorious nature of the claim" *(Fiore v Galang, supra,* at 971; *see, Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693). I find that petitioner's 11th-hour excuse, raised for the first time when faced with a dismissal, was not credible in light of respondent's continued demands and reminders and was appropriately rejected by Family Court.

Acknowledging that the dismissal of a complaint is a drastic remedy for the failure to comply with discovery *(see, Zletz v Wetanson, supra; Town of E. Greenbush v Ashland Chem. Co., Div. of Ashland Oil,* 99 AD2d 604), it may be ordered, in the trial court's discretion, where the movant has met the burden of showing that "the failure to disclose was deliberate and contumacious" *(Town of E. Greenbush v Ashland Chem. Co., Div. of Ashland Oil, supra,* at 604). Such showing could only be countered by a response from the noncomplying party indicating a reasonable excuse *(see, Forman v Jamesway Corp.,* 175 AD2d 514). From the record before us, I find that respondent has met such burden and, as previously detailed, that the excuse proffered by petitioner was incredible. The conduct displayed here is precisely the type of "deliberately evasive, misleading and uncooperative course of conduct" which supports the ultimate sanction of dismissal *(supra,* at 515).

Mindful that this proceeding involves a child's best interest, it is notable that petitioner failed to move to vacate the order of dismissal. Since such order of dismissal was not on the merits and did not state that it was "with prejudice", petitioner remains quite able to file a new petition containing the same allegations *(see, Matter of Stacey O. v Donald P.,* 137 AD2d 965).

I further find that Family Court correctly determined that the failure to answer the amended petition constituted an admission to the allegations *(see,* CPLR 3018 [a]; *Rubin & Rothman v McNelis,* 130 AD2d 643; *Matter of Youker,* 217 App Div 347).

Family Court's order should be affirmed.

Ordered that the order is reversed, on the law and the facts, without costs, and respondent's motion is denied except to the extent that petitioner's counsel is directed to pay $500 to respondent within 20 days of the date of this Court's decision.