■ MARY J. FOX, Appellant, v THOMAS H. FOX JR., Respondent. [779 NYS2d 291]—

Lahtinen, J. Appeal from an order of the Family Court of Saratoga County (Abramson, J.), entered January 2, 2003, which, in a proceeding pursuant to Family Court Act article 4, granted respondent's motion to dismiss the petition.

Petitioner and respondent were married in 1989 and have two minor children. They entered into a separation agreement in October 1995 that was later incorporated, but not merged, into an April 1997 judgment of divorce. Pursuant to the separation agreement, respondent paid $250 per week for support of the children. In August 2000, petitioner commenced this proceeding seeking an upward modification of child support. Petitioner asserted in a subsequent supplemental affidavit that the modification is justified because the children have been diagnosed with learning disabilities that required individual tutoring. Petitioner also alleged that respondent had significantly underreported the extent of his financial assets. The proceeding was ostensibly delayed for a variety of reasons, including discovery disputes and respondent's attempt to have custody modified. In September 2002, respondent moved pursuant to CPLR 3126 for, among other relief, dismissal because of petitioner's alleged failure to provide discovery documents. The Support Magistrate granted the motion noting petitioner's failure to provide full disclosure and putting particular emphasis on the fact that petitioner's current husband (the children's stepparent) had refused to fully set forth his financial means. Petitioner's written objections were denied by Family Court and she now appeals.

We have held that "[i]n the absence of conduct 'so blatantly contumacious as to require the ultimate penalty' . . . the drastic sanction of dismissal is not warranted" (*Matter of Beauregard v Millwood-Beauregard,* 207 AD2d 633, 633 [1994] [internal quotation marks and citation omitted]; *see Thomas v Benedictine Hosp.,* 296 AD2d 781, 784-785 [2002]). This is particularly true in a proceeding potentially implicating the best interest of a child (*see Matter of Beauregard v Millwood-Beauregard, supra* at 634). Here, the record reveals that both parties have been less than forthcoming in complying with discovery demands. Indeed, respondent allegedly lived a lavish lifestyle while reporting modest income. The Support Magistrate's placement of significant weight in the decision to dismiss under CPLR 3126 on the position taken by petitioner's current husband was improper since he is not a party to the proceeding (*see* CPLR 3126). While certain penalties or sanctions may be appropriate for the individual conduct of petitioner (*see* CPLR 3126 [1], [2]; 22 NYCRR part 130), it is apparent that the actions of a nonparty weighed heavily in the decision to invoke the "ultimate penalty." Under such circumstances, we conclude that it was an improvident exercise of discretion to dismiss the petition.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.